605 So.2d 983 (1992)
Graciela HIEKE, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2049.
District Court of Appeal of Florida, Fourth District.
October 7, 1992.
Richard L. Jorandby, Public Defender, and Robert Friedman, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Georgina Jimenez-Orosa, Asst. Atty. Gen., West Palm Beach, for appellee.
LETTS, Judge.
The defendant was found guilty of solicitation to commit third degree murder. We reverse; there is no such crime.
Under the facts of this case, the defendant admits that she hired a hit-man to beat up her husband, but defends the charge that she was guilty of solicitation to commit first degree murder insisting that she intended for him to be beaten up but not killed. Third degree murder is defined as the unlawful killing of a human being without any design to effect death while committing or attempting to commit a felony. § 782.04(4), Fla. Stat. (1991). In other words, under third degree, the death is accidental and while one can solicit the commission of a felony or solicit to kill anyone, there cannot be a solicitation to kill someone without any design to effect death because one cannot solicit an unintentional death. That is an oxymoron. Miller v. State, 430 So.2d 611 (Fla. 4th DCA 1983).
The state argues that the defense not only failed to object to such an instruction, but actually asked for it, thus precluding appellate review. However, we must reject that argument because our supreme court has unequivocally stated that "no one may be convicted of a nonexistent crime" even though the error is invited. Achin v. State, 436 So.2d 30 (Fla. 1982).
*984 It is interesting that the public defender did not cite the two cases on which we rely and which we believe to be controlling. However, that omission would appear to demonstrate that the public defender's request for such an instruction at the trial level was not a deliberate "gotcha maneuver." Nevertheless, even if it were, Achin teaches us that the result would be the same.
The jury specifically acquitted the defendant of solicitation to commit first degree murder, but since Achin mandated a new trial because the conviction was for a nonexistent crime, we now remand this cause for a new trial on the lesser included offenses of aggravated battery or battery as same were set forth on the verdict form.
REVERSED AND REMANDED.
DOWNEY and ANSTEAD, JJ., concur.