666 So.2d 135 (1996)
Vincent GRAMEGNA, Petitioner,
v.
PAROLE Commission, Respondent.
No. 83955.
Supreme Court of Florida.
January 11, 1996.
*136 Scott D. Makar and Andrew H. Nachman of Holland & Knight, Jacksonville, for Petitioner.
William L. Camper, General Counsel and Kurt E. Ahrendt, Assistant General Counsel, Tallahassee, for Respondent.
SHAW, Justice.
We have for review Gramegna v. Florida Parole Commission, 638 So.2d 205 (Fla. 1st DCA 1994), wherein the district court certified two questions:
Whether, for purposes of control release eligibility determinations under section [947.146(4)(c), Florida Statutes (1991)], a child under the age of sixteen can consent to sexual acts that constitute a violation of section 800.04, Florida Statutes [(1991)]? Whether an arresting officer's affidavit may be used to deny control release eligibility, under section [947.146(4)(c), Florida Statutes (1991)], where the information, indictment, bill of particulars and judgment of conviction do not establish a disqualifying conviction?
Gramegna, 638 So.2d at 207-08. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer the first question in the negative, the second in the affirmative, and approve the result in Gramegna.
Gramegna was sentenced to three concurrent ten-year terms of imprisonment after pleading no contest to lewd assault under section 800.04(1), Florida Statutes (1991), for fondling the breasts and vagina of a fourteen-year-old and placing her hand on his genitals. The Florida Parole Commission (the "Commission") denied Gramegna eligibility for control release based on section 947.146(4)(c), Florida Statutes (1991), which denies eligibility to an inmate convicted of the "nonconsensual" touching of the sexual organs of another. Gramegna filed a petition for writ of mandamus in circuit court protesting the Commission's ruling and the court denied relief. The district court affirmed, certifying the above questions.

I. CONSENT OF A MINOR
The State contends that because the consent of a minor is not a defense to the crimes enumerated in section 800.04, it follows that violations of this section are nonconsensual as a matter of law for control release purposes. We agree.
Section 947.146 creates the Control Release Authority (the "authority") which is composed of members of the Commission and has "as its primary purpose the implementation of a system of uniform criteria for the determination of the number and type of inmates who must be released into the community under control release in order to maintain the state prison system at or below 97.5 percent of its lawful capacity." § 947.146(2), Fla. Stat. (1991).
Inmates convicted of certain sexual offenses, including the nonconsensual fondling of the sexual organs of another, are ineligible for control release:
(4) A panel of no fewer than two members of the authority shall establish a control release date for each parole ineligible inmate committed to the department ... except an inmate who:
....
(c) Is convicted, or has been previously convicted, of committing or attempting to commit sexual battery, incest, or any of the following lewd or indecent assaults or acts: masturbating in public; exposing the sexual organs in a perverted manner; or nonconsensual handling or fondling of the sexual organs of another person[.]
§ 947.146(4), Fla. Stat. (1991) (emphasis added).
The statute under which Gramegna was convicted, section 800.04, proscribes the commission of lewd acts upon minors and expressly states that consent is not a defense:
800.04 Lewd, lascivious, or indecent assault or act upon or in presence of child.  Any person who:
(1) Handles, fondles or makes an assault upon any child under the age of 16 years in a lewd, lascivious, or indecent manner;
....
without committing the crime of sexual battery, commits a felony of the second degree... . Neither the victim's lack of *137 chastity nor the victim's consent is a defense to the crime proscribed by this section.
§ 800.04, Fla. Stat. (1991) (emphasis added). The legislature thus has determined that a child is incapable of understanding the full consequences of the lewd acts enumerated in section 800.04 and cannot give meaningful  or legally significant  consent.
We answer the first certified question in the negative and hold that Gramegna's fondling of the child-victim was nonconsensual as a matter of law and may serve as a basis for the denial of control release.

II. ARREST REPORT
Gramegna argues that the Commission improperly relied on an arrest report to determine that his touching of the victim was "nonconsensual" for control release purposes. Our holding above renders this claim moot, but we find that the question is likely to recur and is deserving of review. See Holly v. Auld, 450 So.2d 217 (Fla. 1984).
Although section 947.146(4), Florida Statutes (1991), is silent as to whether the authority may use documents other than the judgment of conviction as a basis for determining eligibility for control release, the legislature has clarified its intent, amending the statute to read:
In making control release eligibility determinations under this subsection, the authority may rely on any document leading to or generated during the course of the criminal proceedings, including, but not limited to, any presentence or postsentence investigation or any information contained in arrest reports relating to circumstances of the offense.
§ 947.146(3), Fla. Stat. (1993).
We conclude that the amendment refers to documents contained in the court file and means what it says: Control release ineligibility may be based on any reasonably reliable official document contained in the record and generated during the course of a criminal investigation or proceeding, including an arrest report. Cf. Dugger v. Grant, 610 So.2d 428 (Fla. 1992) (Department of Corrections may rely on arrest report contained in presentence investigation file in denying eligibility for provisional credits under section 944.277, Florida Statutes (1989)). Accordingly, we answer the second certified question in the affirmative.
In sum, we agree with the State on both issues and answer the first certified question in the negative and the second in the affirmative. We approve the result in Gramegna.
It is so ordered.
GRIMES, C.J., and OVERTON, HARDING and WELLS, JJ., concur.
ANSTEAD, J., dissents with an opinion, in which KOGAN, J., concurs.
ANSTEAD, Justice, dissenting.
I would discharge jurisdiction in this case since, as noted by both parties, we have no actual viable dispute before us. There is no active control release program in operation, so the question as to petitioner's eligibility for such a program is hypothetical. In addition, both parties agree that regardless of the resolution of the issues involved herein, the petitioner was entitled to be released on June 15, 1995. Presumably he is no longer in custody.
KOGAN, J., concurs.