SALCINES, Judge.
M.A.P., a juvenile, appeals an adjudication of delinquency for grand theft of an automobile and possession of burglary tools. Because the evidence was sufficient to prove the charge of grand theft of an *803 automobile, we affirm that adjudication without discussion.[1] However, because M.A.P. used the alleged burglary tools to perpetrate a theft rather than a burglary, we reverse the adjudication of delinquency for M.A.P.’s possession of burglary tools.
On September 4, 1997, the State filed a petition against M.A.P. charging him with grand theft of an automobile[2] and possession of burglary tools.[3] The case against M.A.P. proceeded to a bench trial at which a witness, Theodore Phillips, testified that his son was the owner of a 1983 Nissan Sentra. Mr. Phillips testified that he had previously owned the vehicle but had sold it to his son. With his son’s consent, Mr. Phillips was permitted to use the car to go to and from work and grocery stores.
During the afternoon of September 2, 1997, while Mr. Phillips was delivering letters around his apartment complex and talking to someone at one of the buildings, he heard the car begin to start. He went to the car and saw someone inside trying to start it with a screwdriver. Mr. Phillips later identified this person as M.A.P. Mr. Phillips asked him what he was doing, and M.A.P. said it was his uncle’s car. Mr. Phillips responded, “Like heck.” M.A.P. exited the car, and he and another boy absconded on a bicycle.
Law enforcement was called to the scene and two individuals meeting the description of the fleeing boys were apprehended within ten blocks of the vicinity of the apartment complex. Mr. Phillips was transported to the location where the suspects were being held and identified M.A.P. as the person he had observed in his son’s car. M.A.P. was arrested and searched. The arresting deputy removed two screwdrivers from M.A.P.’s pocket. Mr. Phillips acknowledged that the automobile had not béen locked at the time of the offense and testified that the automobile revealed no signs of forced entry.
At both the close of the State’s case and the close of all the evidence, the defense moved for a judgment of acquittal on each count arguing, in part, that the State had failed to present evidence that M.A.P. had used any tool to gain entry into the vehicle. The motions were denied and M.A.P. was adjudicated delinquent on the charged offenses.
Although we affirm M.A.P.’s adjudication of delinquency for grand theft of an automobile, we reverse the adjudication as to possession of burglary tools. When arrested, M.A.P. was found to have two screwdrivers in his possession. While the State presented evidence that M.A.P. was using a screwdriver to start the vehicle, it presented no evidence that M.A.P. used a screwdriver to gain entry to the vehicle. In fact, the record reflects that the door to the automobile was unlocked before M.A.P. entered the car, and there were no signs of forced entry.
A conviction for possession of burglary tools is not sustainable when the tools are used to commit a theft rather than an actual burglary. See Calliar v. State, 24 Fla. L. Weekly S564, — So.2d -, 1999 WL 1080462 (Fla. Dec. 2, 1999). In order to establish that the screwdrivers were burglary tools, the State needed to present testimony showing that M.A.P. used, or intended to use, the screwdrivers to commit a burglary or a trespass. See Hierro v. State, 608 So.2d 912 (Fla. 3d DCA 1992). The State failed to meet its *804 burden and this adjudication must be reversed.
Affirmed in part; reversed and remanded in part.
CAMPBELL, A.C.J., and ' NORTHCUTT, J., Concur.

.M.A.P. was adjudicated delinquent of grand theft of an automobile pursuant to section 812.014, Florida Statutes (1997), which provides in part:
(1) A person commits theft if he or she knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:
(a) Deprive the other person of a right to the property' or a benefit from the property.
(b) Appropriate the property to his or her own use or to the use of any person not entitled to the use of the property.

. See § 812.014(2)(c)(6), Fla. Stat. (1997).

. See § 810.06, Fla. Stat. (1997).