NORTHCUTT, Judge.
Paul Sanders was convicted of burglary, petit theft and possession of burglary tools. His attorney filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We determined that the record raised an issue of arguable merit concerning Sanders’s conviction for possession of burglary tools, and ordered appellate counsel to file supplementary briefs addressing whether Sanders’s conviction for this offense could stand in light of the Florida Supreme Court’s recent decision in Calliar v. State, 760 So.2d 885 (Fla.1999), rehearing denied, April 12, 2000. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). After reviewing the supplemental briefs, we conclude that Sanders’s conviction for possession of burglary tools must be reversed. We affirm his other convictions and sentences without further discussion.
At trial, an eyewitness testified that he watched Sanders rip a window screen on a mobile home and push open a window that had been left ajar. Sanders then entered the home through the window. The eyewitness contacted law enforcement, and an officer apprehended Sanders as he left the mobile home carrying a tool box. When the officer checked inside the home, he found a window air conditioner sitting on the floor. The homeowner testified that the air conditioner had been in place in a window the day before. The officer theorized the appliance had been unscrewed from its window mount. Sanders’s tool box contained a screwdriver. Based on these facts, Sanders was charged with and convicted of possession of burglary tools. See § 810.06, Fla. Stat. (1997).
While Sanders’s appeal was pending, the supreme court decided Calliar. It held *315 that the plain language of section 810.06 contemplated that the unlawful tools “are those intended to be used to facilitate the burglary and not things used to commit other crimes after the burglary is complete.” As the State concedes, there was no evidence in this case that Sanders used the screwdriver, or any other tool in his box, to enter the residence. Thus, the essential elements of the crime of possession of burglary tools were not established. We reverse Sanders’s conviction for this offense and remand for resentencing.
Affirmed in part, reversed in part and remanded.
ALTENBERND, A.C.J., and CASANUEVA, J., Concur.