765 So.2d 774 (2000)
James VALDES, Appellant,
v.
STATE of Florida, Appellee.
No. 1D99-1525.
District Court of Appeal of Florida, First District.
July 6, 2000.
Rehearing Denied August 18, 2000.
*775 Appellant, pro se.
Robert A. Butterworth, Attorney General, and Trisha E. Meggs, Assistant Attorney General, Tallahassee, for Appellee.
PADOVANO, J.
The defendant, James Valdes, appeals an order denying his motion for postconviction relief under rule 3.850 of the Florida Rules of Criminal Procedure. He alleged in the motion that the trial court had illegally imposed consecutive habitual offender sentences for two offenses arising out of the same criminal episode. Although the motion was not filed within the two-year time limit in rule 3.850(b), the facts proving that the offenses arose out of the same criminal episode were apparent from the face of the record. Therefore, we conclude that the trial court should have treated the motion as a motion under rule 3.800(a) and granted relief.
A jury in Duval County found the defendant guilty of attempted robbery and threatening to discharge a destructive device. Subsequently, on November 22, 1982, the trial court sentenced the defendant to ten years as a habitual offender on the attempted robbery charge and to a consecutive sentence of thirty years on the destructive device charge. The defendant filed a direct appeal to this court asserting several alleged trial errors, but his convictions were affirmed. See Valdes v. State, 443 So.2d 221 (Fla. 1st DCA 1983). After our decision in the direct appeal, the supreme court decided in Hale v. State, 630 So.2d 521 (Fla.1993) that the habitual offender statute does not permit consecutive habitual offender sentences for multiple offenses arising out of the same criminal episode.
We had no occasion to consider this issue at the time of the defendant's direct appeal, but it is clear from the facts recited in our opinion that the charges of attempted robbery and threatening to discharge a destructive device arose out of the same criminal episode. The defendant had attempted to rob a bank by informing a bank teller that he had a bomb in a paper bag and advising her that he would detonate the bomb if she did not hand over the cash in her drawer.
The defendant filed a rule 3.800(a) motion on December 10, 1996, alleging that his consecutive habitual offender sentences were illegal under the rule in Hale. This motion was denied on the authority of State v. Callaway, 658 So.2d 983 (Fla. 1995). The trial court determined that the defendant's Hale claim should have been presented in a postconviction motion under rule 3.850. Because the defendant's rule 3.800(a) motion was not sworn, the trial court declined to treat it as a timely motion under rule 3.850. The defendant appealed, but this order was also affirmed. See Valdez v. State, 696 So.2d 958 (Fla. 1st DCA 1997).
On March 2, 1999, the defendant filed the rule 3.850 motion that is the subject of the present appeal. He argued that the motion was timely under Dixon v. State, 730 So.2d 265 (Fla.1999), in which the supreme court extended the time limitation for a defendant to assert a Hale claim until two years after the date the mandate issued in Callaway. Although the defendant's rule 3.850 motion was filed beyond the time limit established in Dixon, the defendant argued that it should be treated *776 as timely, because his rule 3.800(a) motion in 1996 tolled the running of the time. The trial court rejected this argument and denied the motion on the ground that it was untimely.
We agree that relief is not available under rule 3.850. The defendant's motion was filed on March 2, 1999, long after the two-year window in Dixon had closed. Additionally, we find no support for the defendant's argument that the time period in Dixon can be tolled by the filing of a motion that does not qualify as a postconviction motion under rule 3.850. Nevertheless, we conclude that the defendant is entitled to relief under rule 3.800(a), which can be invoked at any time after the imposition of a sentence, because it is clear from the face of the record that his sentences are illegal.
It is true as a general proposition that a Hale claim must be presented in a timely motion under rule 3.850 and not in a motion under rule 3.800(a). The supreme court reasoned in Callaway that Hale claims are not suited for resolution in rule 3.800(a) motions, because the question whether the offenses arose out of a single criminal episode usually turns on the facts. However, we do not read the Callaway decision to preclude consideration of a Hale claim under rule 3.800(a) in a case in which the illegality of the sentences can be proven on the face of the record. The court observed in Callaway, that the facts necessary to support a Hale claim "often cannot be determined from the face of the record," which is not to say that a Hale claim can never be proven by facts appearing on the face of the record. Callaway at 988.
The Second District Court of Appeal has recognized that a defendant may be entitled to assert a Hale claim under rule 3.800(a) if the facts supporting the claim are apparent from the face of the record. In Adams v. State, 755 So.2d 678 (Fla. 2d DCA 1999), the court acknowledged that the Callaway decision does not "irretrievably foreclose relief from consecutively imposed habitual offender sentences growing out of the same criminal episode by means of rule 3.800." See also Richardson v. State, 698 So.2d 551 (Fla. 1st DCA 1997)(Allen J., dissenting). As the state conceded in Adams, a defendant may properly assert a Hale claim in a rule 3.800(a) motion if the claim is one the court can resolve without resorting to extra-record facts.
In contrast, the Third District Court of Appeal has expressed the view that the legality of a sentence should not be determined on a case-by-case basis. In Bover v. State, 732 So.2d 1187 (Fla. 3d DCA 1999) rev. granted 743 So.2d 508 (Fla. 1999), the court affirmed the denial of a rule 3.800(a) motion in which the defendant had claimed that his habitual offender sentence was illegal because it was based on predicate felonies that were not sequential. According to the dissent by Judge Sorondo, it was apparent from the record that the predicate felonies were committed on the same day. If that is correct, we agree with Judge Sorondo that the court should have granted relief. It may be better to avoid a case-by-case analysis, as the majority opinion in Bover suggests, but we find nothing in Callaway that leads us to believe that the supreme court intended to establish an inflexible rule barring relief under rule 3.800(a) from all Hale claims, whether they are apparent from the face of the record or not.
Nor do we think that a sentence is necessarily illegal merely because the error is one that is apparent on the face of the record. The supreme court defined an illegal sentence in State v. Mancino, 714 So.2d 429, 433 (Fla.1998) as a sentence that "patently fails to comport with statutory or constitutional limitations." By this definition a sentence can only be illegal if it was not authorized by statute or it was imposed in violation of a constitutional right. Many routine sentencing errors do not fall within this definition.
This case is admittedly in the same position it was in when the defendant appealed the denial of his rule 3.800(a) motion in 1996. We could not have granted relief *777 then, however, because the more restrictive definition of the phrase "illegal sentence," which was then in effect, included only those sentences that exceed the statutory maximum for the offense. See Davis v. State, 661 So.2d 1193 (Fla.1995). Our precedent following Davis prohibited us from considering a Hale claim in a rule 3.800 motion if the error did not exceed the maximum sentence authorized by law. See Richardson. As we have explained though, the definition of an illegal sentence has since been modified in Mancino to include sentencing errors resulting from a failure to adhere to statutory or constitutional requirements.
In summary, we conclude that the defendant is entitled to relief under rule 3.800(a), because his Hale claim is apparent from the face of the record. It is clear from the facts stated in our opinion in the direct appeal that the two offenses arose from a single criminal episode. Hence the trial court should have treated the defendant's untimely motion under rule 3.850 as a motion under rule 3.800(a) and granted relief. The order denying the motion is reversed with instructions to impose concurrent sentences.
Reversed.
DAVIS, J., CONCURS; BENTON, J., CONCURS IN RESULT.