764 So.2d 749 (2000)
Thomas Sergio BURGESS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-207.
District Court of Appeal of Florida, Second District.
July 7, 2000.
*750 ALTENBERND, Judge.
Thomas Sergio Burgess appeals the denial of his motion to correct illegal sentences. We reluctantly affirm. Mr. Burgess is serving consecutive habitual offender sentences for offenses that almost certainly occurred in a single criminal episode. Unfortunately, Mr. Burgess did not file a motion pursuant to Florida Rule of Criminal Procedure 3.850 to challenge these sentences. After the time for such a motion had expired, he filed a motion to correct illegal sentence. If the trial court were allowed to rely, as a matter of law, upon the sworn testimony of the arresting officer in the criminal report affidavit, which is in the court file, it would be clear that the offenses arose from a single criminal episode. We conclude, however, that under the supreme court's decision in State v. Callaway, 658 So.2d 983 (Fla.1995), Mr. Burgess was compelled to file a timely motion pursuant to rule 3.850 to resolve this issue and cannot rely upon the arrest affidavit at this time.
Mr. Burgess was arrested on September 21, 1989. According to the sworn arrest affidavit from the Tampa Police Department, Mr. Burgess committed a burglary of a barbeque restaurant. The police report states that he was seen running from the scene of the burglary. He was immediately apprehended and arrested. When arrested, he had a screwdriver and a bag of cash in his possession. Shortly after the arrest, the State filed an information charging Mr. Burgess with three third-degree felonies: burglary, grand theft, and possession of burglary tools.
Mr. Burgess entered an open, voluntary guilty plea in January 1990. The trial court sentenced him as a habitual offender. He received ten years' imprisonment for burglary, five years for grand theft, and five years for possession of the screwdriver. The trial court imposed the three sentences consecutively. Thus, the combined sentences totaled twenty years' imprisonment.[1] At the time of the sentencing hearing, case law permitted consecutive habitual offender sentencing for crimes occurring in a single episode. See Marshall v. State, 596 So.2d 114, 115 (Fla. 2d DCA 1992). Mr. Burgess did not appeal his sentence.
In 1993, the supreme court held that consecutive habitual offender sentences for crimes occurring in a single episode were not authorized by law. See Hale v. State, 630 So.2d 521, 524 (Fla.1993). Because the existence of one or more episodes is normally a factual determination, the supreme court later held that a Hale violation must be raised in a motion pursuant to Florida Rule of Criminal Procedure 3.850. See Callaway, 658 So.2d at 988. Thereafter, the supreme court held that the two-year window in which to challenge such consecutive sentences expired in August 1997. See Dixon v. State, 730 So.2d 265, 269 (Fla.1999).
Mr. Burgess's first effort to seek review of his sentence came in April 1999, when he filed a motion to correct illegal sentence. He argued that the trial court could determine that the offenses occurred in a single criminal episode by review of the police report. The trial court's order recognized that the sentences probably should have been imposed concurrently, but concluded that Callaway required Mr. Burgess to file such a challenge as a rule 3.850 motion and that the time for such a motion had expired.
We affirm with reluctance because we are convinced to a moral certainty by the *751 content of the police report that the grand theft and the burglary were committed in one criminal episode. Moreover, it is obvious that the screwdriver was classified as a burglary tool only because its use occurred in connection with the breaking and entering. See Calliar v. State, 760 So.2d 885 (Fla.1999) (holding conviction of possession of burglary tools including screwdriver requires proof of intention to use tools to unlawfully enter premises of another); Foster v. State, 286 So.2d 549, 551 (Fla. 1973) (holding simple screwdriver is not burglary tool without proof defendant used screwdriver in breaking and entering); Sanders v. State, 25 Fla. L. Weekly D1153, ___ So.2d ___, 2000 WL 571393 (Fla. 2d DCA May 12, 2000) (same); M.A.P. v. State, 755 So.2d 802 (Fla. 2d DCA 2000) (same). Indeed, if the information had alleged that the burglary tool was a screwdriver, it might still be possible to correct that consecutive sentence as an illegal sentence. In this case, however, we know that the tool was an ordinary screwdriver only by our reliance upon the police officer's sworn report.
We are aware that at least one court has relied upon police reports in a direct appeal to determine that crimes occurred in more than one episode. See Parker v. State, 633 So.2d 72 (Fla. 1st DCA 1994). We have not located a case in which the contents of such reports were treated as matters of law for a motion filed pursuant to rule 3.800(a). While the desire to reach a fair result tempts us to use the police report in this case, we know that the information in arrest reports is not always accurate, and there could be great mischief in treating such reports as undisputed facts for purposes of a motion under this rule. Cf. Pittman v. State, 522 So.2d 86 (Fla. 5th DCA 1988) (declining to consider police report on direct appeal of suppression issue).
Our temptation to rely upon the police report is heightened by the fact that the Department of Corrections is permitted to rely upon such reports in determining control release dates. See Gramegna v. Parole Comm'n, 666 So.2d 135, 137 (Fla. 1996); Dugger v. Grant, 610 So.2d 428, 432 (Fla.1992). Typically, the Department relies upon such reports to limit a prisoner's gain time or provisional credits so as to lengthen the prisoner's stay in prison. If this information can be used by the State in this fashion, it seems unfortunate that Mr. Burgess cannot use the same information to cut his sentence in half.
In Callaway v. State, 642 So.2d 636 (Fla. 2d DCA 1994), this court held, as a general rule, that postconviction Hale issues must be presented to the trial courts pursuant to rule 3.850 because they typically involve questions of fact. We expressly left open the possibility that such issues might occasionally be resolved pursuant to rule 3.800(a). In its answer to the second certified question in Callaway, 658 So.2d 983, the supreme court seems to have ruled that the issue should only be addressed pursuant to rule 3.850.[2] The court stated: "Resolution of the issue will require an evidentiary determination and thus should be dealt with under rule 3.850 which specifically provides for an evidentiary hearing. Fla. R.Crim. P. 3.850(d). We therefore answer the second certified question in the negative." See also Richardson v. State and Cohron v. State, 698 So.2d 551 (Fla. 1st DCA 1997) (consolidated) (en banc) (Allen, J., dissenting) (arguing against inflexible rule prohibiting use of rule 3.800 to correct this type of sentencing error), appeals dismissed, 700 So.2d 687 (Fla.1997). Cf. Adams v. State, 755 So.2d 678 (Fla. 2d DCA 1999) (suggesting that supreme court in Callaway did not "irretrievably foreclose" such relief). Both Callaway and this case involve combined charges of burglary and grand theft. Callaway might be distinguishable because *752 the time for the filing of a motion pursuant to rule 3.850 had not expired in Callaway and the appellate record in that case did not contain sworn police testimony describing the criminal episode. Nevertheless, we conclude that the supreme court's decision in Callaway does not allow Mr. Burgess to obtain relief at this time.
If these three sentences had been imposed concurrently, Mr. Burgess would probably be entitled to immediate release. Because they are consecutive, he must serve another ten years' imprisonment. Under these circumstances, we certify the following question of great public importance:
AFTER THE HOLDING IN CALLAWAY, CAN A TRIAL COURT RELY UPON A SWORN ARREST REPORT IN THE COURT FILE TO DETERMINE, AS A MATTER OF LAW, THAT CONSECUTIVE HABITUAL OFFENDER SENTENCES ARE ILLEGAL?
Affirmed.
PARKER, A.C.J., and SALCINES, J., Concur.
NOTES
[1] At the same sentencing hearing, Mr. Burgess received guidelines sentences for earlier offenses. In those cases, the trial court imposed fifteen years' imprisonment with five years' jail credit.
[2] The second certified question stated: "Whether an unsworn motion under rule 3.800 that alleges a Hale sentencing error and requests a factual determination of the number of criminal episodes alleges an `illegal' sentence that may be resolved at any time."