PER CURIAM.
Paul E. Allen appeals the summary denial of his motion for postconvietion relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Alen was convicted after a trial of engaging in a continuing criminal enterprise, conspiracy to commit racketeering, and sale or delivery of a controlled substance in 1994. He was sentenced to forty years’ prison for the continuing criminal enterprise and a concurrent five and one half-years on the other charges. Allen has now alleged numerous instances of ineffective assistance of trial counsel. The trial court summarily denied the motion, finding that the claims were either facially insufficient or could be denied on their merits. We agree as to all but one of Alen’s claims. Accordingly, we reverse as to that single claim but otherwise affirm the trial court’s order.
Alen alleged that counsel was ineffective in fading to object to certain improper arguments made by the prosecuting attorney. Specifically, Alen alleged that the prosecutor argued facts not in evidence related to other drug transactions and drug use by Alen. The trial court denied this claim, finding that Alen had not adequately alleged prejudice. We disagree. There are few errors more prejudicial than a prosecuting attorney arguing about other bad acts which were not properly admitted into evidence and which involved the same type of crime. We therefore reverse and remand on this ground.
On remand the trial court may again summarily deny this claim only if it attaches record documents conclusively showing either that no improper argument was made or that trial counsel objected and preserved the issue for direct appeal. Otherwise, the trial court shall conduct an evidentiary hearing on this claim. See Dauer v. State, 570 So.2d 314 (Fla. 2d DCA 1990) (holding that determination whether counsel’s action, or lack thereof, was tactical should be made after an evi-dentiary hearing).
Afirmed in part, reversed in part, and remanded.
BLUE, A.C.J., and GREEN and SALCINES, JJ., concur.