SILBERMAN, Judge.
Paul E. Sanders appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Sanders was convicted after a jury trial of burglary, petit theft, and possession of burglary tools. On direct appeal, this court reversed the conviction for possession of burglary tools, but affirmed the other convictions. Sanders v. State, 775 So.2d 314 (Fla. 2d DCA 2000). In his motion for postconviction relief, Sanders alleged ineffective assistance of trial counsel, prosecutorial misconduct, and insufficiency of the evidence. We reverse for further proceedings as to the claims of ineffective assistance of counsel, but we affirm the denial of the other claims.
Sanders alleged that his trial counsel was ineffective because counsel erroneously elicited testimony from Sanders that he *94 had a prior felony conviction. Sanders asserted that, in fact, he had no prior felony convictions, and his attorney knew he had no such convictions. He claimed that had counsel not erred he would have been convicted of a lesser offense.
The trial court did not conduct an evidentiary hearing on the motion and did not attach any documents to its order to refute the claim. Instead, the trial court simply concluded that Sanders did not show that counsel’s performance fell below an objective standard of reasonableness, and Sanders did not show prejudice.
We reverse the denial of relief because the allegations, if true, may constitute ineffectiveness of counsel. See Wright v. State, 446 So.2d 208 (Fla. 3d DCA 1984) (holding that trial counsel was ineffective in having the defendant testify he had five prior felony convictions when he had no prior felony convictions). On remand, the trial court must either attach to the order of denial those portions of the record which conclusively show that Sanders is not entitled to relief, or it must hold an evidentiary hearing and then rule on the claim.
Sanders also claimed that his trial counsel was ineffective for failing to object to statements made by the prosecutor during closing arguments. He alleged the statements included facts that were not in evidence. The statements were to the effect that a witness, the police, and the owner of the house that was burglarized had caught Sanders in the act of burglary. The claim that the prosecutor presented an improper and prejudicial argument, that was not objected to by counsel, is facially sufficient. See Allen v. State, 775 So.2d 400, 401 (Fla. 2d DCA 2000). We reverse because the trial court summarily concluded that relief was not warranted and did not conduct an evidentiary hearing or attach record documents to support the ruling.
The additional claims of prosecutorial misconduct and insufficiency of the evidence are not cognizable in a motion for postconviction relief. See Adams v. State, 380 So.2d 423, 424 (Fla.1980); Jackson v. State, 640 So.2d 1173, 1174 (Fla. 2d DCA 1994). Accordingly, the trial court’s denial of these claims is affirmed.
On remand, the trial court may again summarily deny the claims of ineffectiveness of counsel, but it must attach to the order those record documents which conclusively refute the claims. Otherwise, the trial court must conduct an evidentiary hearing on the claims.
Affirmed in part, reversed in part, and remanded.
FULMER, A.C.J., and GREEN, J„ Concur.