PER CURIAM.
The appellant challenges the trial court’s summary denial of his motion to correct illegal sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Of the appellant’s three claims, only one merits discussion. The appellant alleges that the habitual felony offender sentences he received for robbery and burglary, both of which arose from what the appellant claims to have been a single criminal episode, were stacked consecutively in violation of the rule announced in Hale v. State, 630 So.2d 521 (Fla.1993), cert. den. 513 U.S. 909, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994); rehearing den. 513 U.S. 1066, 115 S.Ct. 686, 130 L.Ed.2d 617 (1994). Hale claims are cognizable in rule 3.800(a) motions, so long as the allegations can be resolved from the face of the record and no extra-record facts are necessary. See Valdes v. State, 765 So.2d 774, 776 (Fla. 1st DCA 2000); see also, e.g. State v. Mancino, 714 So.2d 429, 433 (Fla.1998), Bover v. State, 797 So.2d 1246 (Fla.2001); Carter v. State, 786 So.2d 1173 (Fla.2001).
The appellant has directed the court to portions of the record that he claims will establish the Hale violation. See Baker v. State, 714 So.2d 1167, 1167 (Fla. 1st DCA 1998). The trial court has not attached copies of those record portions. We therefore reverse the trial court’s summary denial of the appellant’s Hale claim, and remand for further consideration. If the trial court again denies the appellant’s claim, it is instructed to attach record excerpts that conclusively demonstrate the appellant is entitled to no relief.
*570 AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
ALLEN, C.J., ERVIN and KAHN, JJ., concur.