831 So.2d 137 (2002)
Thomas Sergio BURGESS, Petitioner,
v.
STATE of Florida, Respondent.
No. SC00-1724.
Supreme Court of Florida.
October 17, 2002.
*139 James Marion Moorman, Public Defender, and Deborah K. Brueckheimer, Assistant Public Defender, Tenth Judicial Circuit, Bartow, FL, for Petitioner.
Robert A. Butterworth, Attorney General, Robert J. Krauss, Senior Assistant Attorney General, Chief of Criminal Law, and Ronald Napolitano, Assistant Attorney General, Tampa, FL, for Respondent.
HARDING, Senior Justice.
We have for review a decision of a district court of appeal on the following question, which the court certified to be of great public importance:
AFTER THE HOLDING IN CALLAWAY, CAN A TRIAL COURT RELY UPON A SWORN ARREST REPORT IN THE COURT FILE TO DETERMINE, AS A MATTER OF LAW, THAT CONSECUTIVE HABITUAL OFFENDER SENTENCES ARE ILLEGAL?
Burgess v. State, 764 So.2d 749, 752 (Fla. 2d DCA 2000). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the reasons stated below, we answer the certified question in the negative.

BACKGROUND
On January 22, 1990, petitioner was convicted of burglary of a structure (count 1), grand theft (count 2), possession of burglary tools (count 3), and resisting arrest without violence (count 4). The court sentenced petitioner as a habitual felony offender to ten years for count 1, five years each on counts 2 and 3, and time served on count 4. The court further ordered all of the sentences to run consecutively.[1]
On April 23, 1999, petitioner filed a motion pursuant to Florida Rule of Criminal Procedure 3.800(a), claiming that the consecutive habitual felony offender sentences imposed were illegal because all of the offenses allegedly occurred during the same criminal episode, in violation of our decision in Hale v. State, 630 So.2d 521 (Fla.1993). However, relying on our decision in State v. Callaway, 658 So.2d 983 (Fla.1995), the trial court ruled that such a motion had to be filed by way of a rule 3.850 motion, and because petitioner failed to file such a motion on a timely basis, petitioner's motion was denied.
On appeal, the Second District affirmed, finding petitioner was compelled to file a timely motion pursuant to rule 3.850 and that the trial court was not permitted to rely, as a matter of law, upon the information contained in the police report to determine whether the offenses arose from one criminal episode. See Burgess, 764 So.2d at 750-51.

ANALYSIS
In 1993, this Court determined that, under the habitual offender statute,[2] trial courts in Florida are not authorized to have each of the enhanced habitual offender sentences run consecutively. See *140 Hale, 630 So.2d at 525. Further, in Callaway, we found that Hale may be retroactively applied, but that movants had only a two-year window from our opinion in Hale to raise Hale errors. See Callaway, 658 So.2d at 987. Subsequently, in Dixon v. State, 730 So.2d 265 (Fla.1999), however, we receded from Callaway to the limited extent that defendants had two years from our mandate in Callaway to file rule 3.850 motions seeking Hale relief (i.e., until July 20, 1997). It is undisputed that petitioner did not attempt to file a rule 3.850 motion within this nearly four-year window, and his claim is time-barred.
In Callaway, we also addressed the certified question: "Whether an unsworn motion under rule 3.800 that alleges a Hale sentencing error and requests a factual determination of the number of criminal episodes alleges an `illegal' sentence that may be resolved at any time." Callaway, 658 So.2d at 987. The district court found that although Callaway's two convictions of burglary and grand theft may have arisen out of a single episode, the court records did not provide it with the ability to make a factual determination on the issue since evidence involving times, places, and circumstances had to be examined. See id. at 988. On appeal, we agreed that a determination of whether the offenses for which the defendant had been sentenced arose out of a single criminal episode was not a pure question of law. See id. We further stated that resolution of the issue would require an evidentiary determination, and thus should be dealt with under rule 3.850 which specifically provides for an evidentiary hearing. See id. Accordingly, we answered the certified question in the negative. See id.
Indeed, Callaway specifically provides: "A rule 3.800 motion ... is limited to those sentencing issues that can be resolved as a matter of law without an evidentiary determination." See Callaway, 658 So.2d at 988 (emphasis added). In this case, petitioner seeks relief based solely on the information contained in a police report, which has never been subjected to cross examination or any adversarial testing as to the reliability of the facts contained therein. Therefore, the court would be required to resolve the instant case, not as matter of law, but rather by making its own impermissible factual and evidentiary determination and, as a result, would be acting in direct contravention of Callaway.
Moreover, the information contained in police reports is ordinarily considered hearsay and inadmissible in an adversary criminal proceeding. See Bolin v. State, 736 So.2d 1160, 1167 (Fla.1999). Nor does the information contained in the report in question fall under any recognized exception to the hearsay rule. See §§ 90.801-805, Fla. Stat. (1999). A police report or criminal arrest affidavit is not admissible into evidence as a public record exception to the hearsay rule because that exception expressly excludes "in criminal cases matters observed by a police officer or other law enforcement personnel." § 90.803(8), Fla. Stat. (1999).[3] "[This] limitation *141 is based on the belief that observations by officers at the scene of a crime or when a defendant is arrested are not as reliable as observations by public officials in other cases because of the adversarial nature of the confrontation between the police and the defendant." Charles W. Ehrhardt, Florida Evidence § 803.8 (2001 ed.).
Furthermore, and contrary to petitioner's argument, the hearsay cannot be considered merely because it is part of the court file.
Although a trial court may take judicial notice of court records, see § 90.202(6), Fla. Stat. (1997), it does not follow that this provision permits the wholesale admission of hearsay statements contained within those court records. We have never held that such otherwise inadmissible documents are automatically admissible just because they were included in a judicially noticed court file. To the contrary, we find that documents contained in a court file, even if that entire court file is judicially noticed, are still subject to the same rules of evidence to which all evidence must adhere.
Stoll v. State, 762 So.2d 870, 876-77 (Fla. 2000) (citations omitted). In this case, there was no opportunity for the State to rebuteven to challenge the accuracy of what was contained in the report. While a police report may be part of a record, it is still hearsay, and both the defendant and the State should be provided an opportunity to ensure that its contents are complete and accurate for the purposes of the court's factual determination in a Hale proceeding.
Petitioner has also failed to cite any case in which the contents of arrest reports were treated as matters of law for a motion filed pursuant to rule 3.800(a). Petitioner does cite to several cases where courts have relied upon police reports in circumstances other than the guilt-innocence stage of a criminal trial; however, these cases are factually distinguishable because they involve statutes which expressly permit the use of police report information in making administrative findings. See, e.g., Gramegna v. Parole Commission, 666 So.2d 135, 137 (Fla.1996) (noting that in section 947.146(3), Florida Statutes (1993), Legislature expressly provided that Parole Commission could rely on information contained in arrest reports to make control release eligibility determinations); Dugger v. Grant, 610 So.2d 428, 432 n. 2 (Fla.1992) (noting that in section 944.277, Florida Statutes (1993), Legislature expressly provided that Department of Corrections could rely on information contained in arrest reports to make provisional credit determinations). There is no such statute authorizing courts to rely on hearsay documentation in rule 3.800(a) proceedings.
Likewise, our decision in State v. Mancino, 714 So.2d 429 (Fla.1998), upon which petitioner relies, is also distinguishable. In Mancino, we held that a claim of jail credit for jail time served is cognizable in a rule 3.800(a) motion to the extent that "court records reflect an undisputed entitlement to credit" and a sentence fails to grant such credit. Mancino, 714 So.2d at 430. We held so, however, because "[t]he entitlement to time served is not a disputed issue of fact in the sense that an evidentiary hearing is needed to determine whether there is such an entitlement." Id. at 433 (emphasis added). Unlike Mancino, where undisputed credit for jail time served could be easily resolved from the face of jail administration records, Callaway counsels that resolution of the issue of whether the offenses for which petitioner has been sentenced arose out of a single criminal episode clearly "depends on factual evidence involving the times, places, and *142 circumstances of the offense" and, therefore, would require an evidentiary determination. Callaway, 658 So.2d at 988 (quoting Callaway v. State, 642 So.2d 636, 639 (Fla. 2d DCA 1994)). In addition, and unlike the information in the police report which petitioner seeks to rely on, the jail records relied upon in Mancino clearly fall under the public records exception to the hearsay rule. See § 90.803(8), Fla. Stat. (2000).
Finally, Valdes v. State, 765 So.2d 774 (Fla. 1st DCA 2000), is also distinguishable. In that case, the district court found that the trial court could have treated an untimely 3.850 motion as a 3.800(a) motion to correct an illegal sentence resulting from a Hale error, "because his Hale claim is apparent from the face of the record." Valdes, 765 So.2d at 777. The court in Valdes, however, did not rely upon inadmissible hearsay contained in police reports, but rather relied upon the facts established in the transcript of the defendant's jury trial, which was part of the record from the defendant's previous direct appeal. See id. There is no such record information available to rely on in this case.
Florida Rule of Criminal Procedure 3.850 has a two-year limitation to avoid consideration of factual claims which become less and less reliable with the passage of timea rule which the courts of this state have long understood to be necessary in the effective administration of justice. Moreover, and as the lower court recognized, the information in police reports is not always accurate or complete and, indeed, there would be great mischief in treating such reports as undisputed facts for purposes of a rule 3.800(a) motion. Under these circumstances, we see no principled reason to depart from our holding in Callaway, and we find that the proper mechanism for petitioner's challenge was to have raised this claim in a motion pursuant to rule 3.850 within the time periods prescribed in Callaway and Dixon.[4]
Accordingly, we answer the certified question in the negative and approve the decision rendered by the Second District below.
It is so ordered.
ANSTEAD, C.J., and SHAW, WELLS, PARIENTE, LEWIS, and QUINCE, JJ., concur.
NOTES
[1] Also, as a result of violating his probation with respect to two prior burglaries committed on January 15, 1988, and June 8, 1988, petitioner was sentenced to imprisonment for terms of fifteen years for each burglary conviction (with credit of five years for time served for each sentence), five years for each possession of burglary tools conviction (with a credit of five years for time served for each sentence), and five years for the failure to appear conviction, all to run concurrently with the habitual felony offender sentences received in this case.
[2] See § 775.084(1)(b), Fla. Stat. (1989).
[3] Section 90.803(8), Florida Statutes (1999), states:

PUBLIC RECORDS AND REPORTS.
Records, reports, statements reduced to writing, or data complications, in any form, of public offices or agencies, setting forth the activities of the office or agency, or matters observed pursuant to duty imposed by law as to which there was a duty to report, excluding in criminal cases matters observed by a police officer or other enforcement personnel, unless the sources of the information or other circumstances show their lack of trustworthiness. The criminal case exclusion shall not apply to an affidavit otherwise admissible under s. 316.1934 or s. 327.354.
(Emphasis added.)
[4] Petitioner had from October 14, 1993 (the release date of our opinion in Hale), until August 16, 1997 (two years after the release date of our opinion in Callaway), to file his 3.850 motion seeking Hale relief.