855 So.2d 132 (2003)
Vernon NELSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-1462.
District Court of Appeal of Florida, Fourth District.
August 6, 2003.
Opinion on Rehearing Denied October 1, 2003.
Vernon Nelson, Chattahoochee, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Karen Finkle, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Vernon Nelson appeals the denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Nelson challenged his consecutive prison terms as a habitual offender in light of Hale v. State, 630 So.2d 521 (Fla.1993). The trial court accepted the state's position that appellant's claim was successive. See State v. McBride, 848 So.2d 287 (Fla.2003).
We reverse the circuit court's order as Nelson's claim was never considered on the merits. The case is remanded for the trial court to consider whether Nelson's claim for relief is apparent from the face of the record. Burgess v. State, 831 So.2d 137 (Fla.2002); Valdes v. State, 765 So.2d 774 (Fla. 1st DCA 2000).
FARMER, C.J., WARNER and SHAHOOD, JJ., concur.

ON MOTION FOR REHEARING
FARMER, C.J.
In its motion for rehearing, the state argues as follows:

*133 "The trial court did not need to reach the merits of the appellant's Hale claim because it had already determined that the claim was successive. This applies whether or not the claim was apparent from the face of the record under Burgess v. State, 831 So.2d 137 (Fla.2002). The claim was procedurally barred and, therefore, the trial court could not proceed to examine the claim on the merits. Burgess simply does not apply to the facts of this case."
We reject this argument because it is not supported by the record.
Defendant first filed his Hale claim in 1995. It was timely. See Burgess, 831 So.2d at 140 ("defendants had two years from our mandate in [State v.] Callaway[, 658 So.2d 983 (Fla.1995)] to file rule 3.850 motions seeking Hale relief (i.e., until July 20, 1997)."). In its response to the 1995 motion, the state argued that the Hale claim could be raised only in a rule 3.850 motion. The trial court denied the claim based on the state's response. Hence the record shows that the 1995 Hale claim was not decided on the merits but only on the form of the motion.
Defendant renewed his Hale claim in 1997 under rule 3.850. The state responded that it was a successive motion and should be denied for that reason. The trial court denied the claim for the reasons given in the state's response. Again the motion was not decided on the merits but solely on the basis of the rule used as his vehicle.
We pause to note the character of the state's response. Essentially the state argued that the first motion was improper because defendant cited the wrong rule, and the second motion filed under the other rule was improper because it was successive. Putting aside for the moment the differences in what must be shown under rules 3.800 and 3.850, this kind of tactic is unfair. It is hardly seemly for the law to deny relief because the form of the request is improper and then when the form is corrected to say that the motion is successive, or repetitive. This is little more than the "gotcha" school of litigation, roundly condemned in the cases.[1]
Defendant's present motion is under rule 3.800 and is based on the decision in Burgess. It is that his Hale claim is determinable from the face of the record, namely the trial transcript, where the victim testified that he broke into the property and stole property from it. If so, this would be a classic single episode precluding consecutive sentences for both offenses. In Burgess, the court distinguished its decision from Valdes v. State, 765 So.2d 774 (Fla. 1st DCA 2000), saying:
"In that case, the district court found that the trial court could have treated an untimely 3.850 motion as a 3.800(a) motion to correct an illegal sentence resulting from a Hale error, `because his Hale claim is apparent from the face of the record.' The court in Valdes, however, did not rely upon inadmissible hearsay contained in police reports, but rather relied upon the facts established in the transcript of the defendant's jury trial, which was part of the record from the defendant's previous direct appeal. *134 There is no such record information available to rely on in this case."
831 So.2d at 142.
In short defendant here argues that he occupies the same place as the defendant in Valdesthat is that his consecutive sentence is illegal because the fact of a single criminal episode may be ascertained from the trial transcript as a matter of law and therefore does not require an evidentiary hearing. If no evidentiary hearing is required to demonstrate the illegality, then relief "at any time" under rule 3.800 is available.
The state's only position is that the claim was successive. Yet the record shows that defendant's Hale claim has never been addressed on the merits. In State v. McBride, 848 So.2d 287 (Fla.2003), the court held that while res judicata is not applicable to decisions on motions under rule 3.800, successive motions may be barred under the principle of collateral estoppel. More specifically, the court held that collateral estoppel, precludes a defendant from rearguing in a successive rule 3.800 motion only issues actually decided in a prior motion. 848 So.2d at 291. Defendant has never previously argued that, as permitted by Burgess, he can show the illegality as a matter of law from the trial transcript. The state's motion for rehearing does not challenge that assertion in any way.
Accordingly, we adhere to our original decision and remand the case to the trial court to determine whether the trial transcript demonstrates that both offenses sentenced as consecutive were from a single criminal episode.
MANDATE ISSUED.
WARNER and SHAHOOD, JJ., concur.
NOTES
[1] See, e.g., Berkman v. Foley, 709 So.2d 628, 629 (Fla. 4th DCA 1998) ("the courts will not allow the practice of the `Catch-22' or `gotcha!' school of litigation to succeed."); M-5 Communications, Inc. v. ITA Telecomms., Inc., 708 So.2d 1039, 1039 (Fla. 3d DCA 1998) ("reversal is also mandated by an application of the anti-gotcha rule in its original and purest form."); Hieke v. State, 605 So.2d 983, 984 (Fla. 4th DCA 1992) ("However, that omission would appear to demonstrate that the public defender's request for such an instruction at the trial level was not a deliberate `gotcha maneuver.'"); Chatmon v. Woodard, 492 So.2d 1115, 1116 n. 2 (Fla. 3d DCA 1986) ("We cannot accept a `gotcha' type stratagem like this one.").