884 So.2d 385 (2004)
Julian D. CARPENTER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-1724.
District Court of Appeal of Florida, Second District.
September 17, 2004.
James Marion Moorman, Public Defender, and Kevin Briggs, Assistant Public Defender, Bartow, for Appellant.
Julian D. Carpenter, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Deena DeGenova, Assistant Attorney General, Tampa, for Appellee.
CANADY, Judge.
Julian D. Carpenter appeals the denial of his Florida Rule of Criminal Procedure 3.850 motion. Counsel for Carpenter initially filed an Anders[1] brief. We determined, *386 however, that one of the grounds raised by Carpenter had arguable merit and accordingly ordered supplemental briefing pursuant to Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). Because we conclude that the summary denial of that ground raised by Carpenter was erroneous, we reverse.
Carpenter was convicted of two counts of a lewd and lascivious act on a child under the age of sixteen in violation of section 800.04, Florida Statutes (1997). He was sentenced to two concurrent prison terms of fifteen years. These sentences were for the statutory maximum applicable to Carpenter's second-degree felony offenses. See §§ 800.04(6)(b), 775.082(3)(c), Fla. Stat. (1997). In the ground of Carpenter's motion on which we ordered supplemental briefing, Carpenter asserted that his trial counsel rendered ineffective assistance of counsel by failing to investigate evidence relating to the date of the occurrence of the offenses for which Carpenter was convicted. The information filed against Carpenter alleged that the offenses occurred on October 5, 1998. The sentences imposed on him were based on the statutory provisions that were effective on that date. In his motion, Carpenter claimed that the alleged episode from which the charges against him arose did not occur on October 5, 1998, but on September 28, 1998.
The alleged difference in the date on which the offenses occurred is significant because the Criminal Punishment Code became effective on October 1, 1998. See § 921.002, Fla. Stat. (1997). Under the Criminal Punishment Code the sentencing judge has unfettered discretion to impose the statutory maximum for offenses committed on or after October 1, 1998. See § 921.002(1)(g). Sentencing for offenses committed prior to October 1, 1998, was governed by the sentencing guidelines then in effect. See § 921.0016. Accordingly, if the offenses for which Carpenter was convicted occurred on September 28, 1998as Carpenter assertsCarpenter should have been sentenced under the guidelines rather than under the Criminal Punishment Code.
Carpenter alleged in his motion that the victim testified at trial that on the morning when the offenses occurred she was "home from school." Carpenter asserted that he informed his counsel that the incident occurred on September 28, 1998, and requested that counsel investigate school attendance records to substantiate that fact. Carpenter alleged that those records "would have conclusively demonstrated that the incident occurred on September 28, 1998," and contended that counsel's failure to investigate was ineffective assistance.
In rejecting Carpenter's claim, the postconviction trial court stated that the "Criminal Report Affidavit indicates that the offense occurred on October 5, 1998." The court reasoned that the affidavit, which the court attached to its order, established that Carpenter's "assertions that the incident occurred on September 28, 1998, are incorrect" and that Carpenter had therefore "failed to prove deficient conduct on the part of trial counsel" as required by Strickland.[2]
As the State has now conceded in its supplemental brief, the postconviction trial court erred by summarily denying Carpenter's claim that trial counsel provided ineffective assistance by failing to investigate the school attendance records. The criminal report affidavit is not sufficient to refute Carpenter's claim. Even if the affidavit were competent evidence concerning *387 the date of the incidentwhich it is not[3]  it would not conclusively establish that counsel's failure to investigate the school attendance records was not deficient performance. Based on Carpenter's allegations, school attendance records could establish that the victim was in attendance at school on October 5, but not on September 28. That would be relevant to the issue of when the offenses occurred and whether Carpenter should have been sentenced under the guidelines rather than the Criminal Punishment Code. Even competent evidence in the record showing that the offense occurred on October 5 would not conclusively refute Carpenter's claim that his counsel should have investigated the availability of evidence that would contradict the record evidence concerning the date of the offenses.
We thus conclude that Carpenter's claim was neither facially insufficient nor conclusively refuted by the record. Accordingly, we reverse the denial of the ground of Carpenter's motion alleging that counsel provided ineffective assistance by failing to investigate the school attendance records. The case is remanded for further proceedings consistent with this opinion and in accordance with rule 3.850(d).
Affirmed in part, reversed in part, and remanded.
SALCINES and STRINGER, JJ., Concur.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
[2] Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
[3] Burgess v. State, 831 So.2d 137 (Fla.2002), held that in a proceeding pursuant to rule 3.800(a) a police report constituted hearsay that could not be used to support the determination as a matter of law that the defendant's offensefor which he had received consecutive habitual felony offender sentencesoccurred in the same criminal episode. The Burgess court observed that "the information contained in police reports is ordinarily considered hearsay and inadmissible in an adversary criminal proceeding" and that "there would be great mischief in treating such reports as undisputed facts for purposes of a rule 3.800(a) motion." Id. at 140, 142.