EVANDER, J.
Appellant challenges the summary denial of his motion and supplemental motion for post-conviction relief. These motions were filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm as to all the issues raised by appellant except for his double jeopardy claim.
Appellant was charged in two separate cases with trafficking in cocaine. The information in each case alleged the offense had occurred on March 30, 2005, in Volusia County, Florida. Appellant entered a no contest plea to both charges. He was sentenced to a fifteen-year term in prison in each case, to be served concurrently.
In his supplemental motion for post-conviction relief, appellant claims his trial counsel was ineffective for failing to assert a double jeopardy challenge because he was charged twice for the same crime. In summarily denying appellant’s supplemental motion, the trial court found the two cases involved separate quantities of cocaine seized at different locations and at different times. Copies of police reports supporting the trial court’s conclusion were attached to its order.
The police reports attached to the trial court’s order were hearsay and were insufficient to conclusively refute appellant’s claim. See Burgess v. State, 831 So.2d 137 (Fla.2002); Carpenter v. State, 884 So.2d 385 (Fla. 2d DCA 2004).
We recognize a negotiated plea can be a basis for waiver of a double jeopardy claim. See Novaton v. State, 634 So.2d 607 (Fla.1994); Barfield v. State, 871 So.2d 929 (Fla. 5th DCA 2004). However, neither a plea agreement nor a transcript of the plea colloquy was attached to the trial court’s order. Accordingly, on remand, the trial court must either include attachments to its order conclusively refuting appellant’s double jeopardy claim, or hold an eviden-tiary hearing.
AFFIRMED, in part; REVERSED, in part; REMANDED.
PLEUS, C.J. and SAWAYA, J., concur.