PER CURIAM.
The Appellant challenges the postconviction court’s summary denial of his rule 3.850 postconvietion motion. Because the Appellant’s third claim that his written judgment does not comport with the oral pronouncement is facially sufficient, we reverse. All other issues are affirmed without further discussion.
The Appellant claims his sentence is illegal because the sentencing judge did not orally pronounce that the sentence was a habitual felony offender sentence; however, the written judgment contains the imposition of a habitual felony offender sentence. The trial court failed to address the Appellant’s claim because the rule 3.850 motion was summarily denied as untimely. However, this Court may construe *178 the claim as if it were filed under rule 3.800(a). See Valdes v. State, 765 So.2d 774, 777 (Fla. 1st DCA 2000). As the State concedes, the trial court should have treated the third claim as though it were filed pursuant to rule 3.800(a). We accordingly reverse the postconviction court’s summary denial of the Appellant’s third claim and remand for the postconviction court to attach appropriate record portions refuting the claim, or grant relief.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED.
DAVIS, PADOVANO, and ROBERTS, JJ., concur.