IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

WALTER PALMER,

      Appellant,

 v.                               Case No.  5D17-469

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed February 23, 2018

3.850 Appeal from the Circuit
Court for Hernando County,
Stephen E. Toner, Jr., Judge.

James S. Purdy, Public Defender, and
Brittany N. O'Neil, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Marjorie Vincent-Tripp,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

Walter Palmer appeals the denial of his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief. Palmer pleaded no contest to possessing/introducing contraband into a county detention center (count I); possession of methamphetamine (count II); driving while license canceled/suspended/revoked (count III); possession of

paraphernalia (count IV); and no motor vehicle registration (count V).[1] The court sentenced Palmer as a habitual felony offender (HFO).

We write to address the summary denial of three grounds raised in Palmer's motion for postconviction relief: violation of double jeopardy for his convictions of count I and count II, ineffective assistance of counsel for failure to inform him of the double jeopardy violation, and ineffective assistance of counsel for failure to inform him of the State's intent to seek an HFO sentence.[2]

As to Palmer's double jeopardy claims, "the prohibition against double jeopardy does not prohibit multiple convictions and punishments where a defendant commits two or more distinct criminal acts." Hayes v. State, 803 So. 2d 695, 700 (Fla. 2001). Palmer argues that he committed one criminal act of possession, which was insufficient to support convictions for both counts I and II. The trial court, relying on Palmer's arrest affidavit, concluded that Palmer committed two distinct criminal acts of possession of two sets of contraband, one occurring during Palmer's initial arrest and another occurring at the detention facility. However, arrest affidavits are hearsay and "insufficient to conclusively refute a claim of ineffective assistance for failing to assert a double jeopardy challenge." See Lopez-Valente v. State, 951 So. 2d 65, 66 (Fla. 5th DCA 2007).[3] The State concedes

---

[1] Prior to sentencing, Palmer moved to withdraw his plea, but the trial court denied the motion.

[2] Respectively, grounds 1, 2A, and 2E of Palmer's motion.

[3] If a defendant is convicted of both introduction of contraband into a detention facility under section 951.22, Florida Statutes, and simple possession under section 893.13, Florida Statutes, for the same set of contraband and without distinguishing separate conduct to support each charge, double jeopardy may be violated. See Turner v. State, 661 So. 2d 93, 94 (Fla. 5th DCA 1995).

error. Therefore, we reverse and remand for the trial court to include attachments to its order conclusively refuting Palmer's claims regarding double jeopardy or to hold an evidentiary hearing.

In summarily denying Palmer's ineffective assistance claim based on counsel's failure to inform him that the State intended to seek an HFO sentence, the court attached a copy of the State's notice of intent and referred to a pretrial conference where the State advised the court in Palmer's presence that it had filed the notice. However, no pretrial transcripts were attached to the order denying this claim. In addition, the attached notice does not conclusively refute Palmer's allegation. While a copy of the notice was provided to counsel, it was not served on Palmer. No other records demonstrate whether Palmer had actual notice of the State's intent to seek an HFO sentence. See Hartwell v. State, 12 So. 3d 892, 893 (Fla. 5th DCA 2009) (noting that "lack of written notice of habitualization can be harmless error if the defendant had actual notice"). Therefore, we reverse and remand for the trial court to include attachments to its order conclusively refuting Palmer's claims set forth above or to hold an evidentiary hearing. We affirm the trial court's order in all other respects.

AFFIRMED IN PART; REVERSED IN PART; and REMANDED.

COHEN, C.J., SAWAYA and EDWARDS, JJ., concur.