965 So.2d 308 (2007)
James Russell WARD, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-685.
District Court of Appeal of Florida, Third District.
September 19, 2007.
Bennett H. Brummer, Public Defender, and Marti Rothenberg, Assistant Public Defender, for appellant.
Bill McCollum, Attorney General, and Michael E. Hantman and Paulette R. Taylor, Assistant Attorneys General, for appellee.
Before COPE and SHEPHERD, JJ., and SCHWARTZ, Senior Judge.
SHEPHERD, J.
Defendant, James Russell Ward, appeals his conviction and sentence. Upon careful consideration, we find no merit in any of *309 the challenges defendant makes to his conviction. However, we find it necessary to address the enhancement of his sentence and certify a question of great public importance.
Defendant was found guilty by a jury of criminal mischief and burglary of an unoccupied dwelling. At the sentencing hearing, the State requested a prison release reoffender (PRR) sentence be imposed based upon the burglary conviction, a qualifying offense under the PRR statute. See § 775.082(9)(a)1q, Fla. Stat. (2002). To establish that Ward qualified as a PRR, the State needed to prove defendant committed the burglary within three years after being released from prison. § 775.082(9)(a)1, Fla. Stat. (2002). Ward alleges the State utilized impermissible hearsay evidence to meet this requirement.
The alleged hearsay evidence offered at the hearing consisted of a document on Florida Department of Corrections (the Department) letterhead, which stated:
STATE OF FLORIDA)
COUNTY OF LEON)
I, MICHELLE GLISAR, RECORDS MANAGEMENT ANALYST, CENTRAL RECORDS OFFICE, STATE OF FLORIDA DEPARTMENT OF CORRECTIONS, DO HEREBY CERTIFY THAT THIS SEAL IS THE OFFICIAL SEAL OF THE FLORIDA DEPARTMENT OF CORRECTIONS. I ALSO CERTIFY THAT THE LAST RELEASE DATE FOR INMATE JAMES WARD, DC# 180200, B/M, DOB: 11/23/1967, WAS DECEMBER 25, 1999, FOR CASE #97-31989, 98-07938-MIAMI DADE COUNTY, FLORIDA.

GIVEN UNDER MY HAND AND SEAL, THIS JANUARY 13, 2005.
[Signature]
MICHELLE GLISAR, RECORDS MANAGEMENT ANALYST
Defendant objected to the offer on the ground the document was not self-authenticating and did not fall within any exception to the rule excluding hearsay. The State argued the letter was admissible under the public records exception to the hearsay rule, Section 90.803(8), Florida Statutes (2002). The trial court overruled the objection and sentenced defendant as a PRR.
The public records exception to the hearsay rule permits otherwise inadmissible hearsay so long as the hearsay consists of:
Records, reports, statements reduced to writing, or data compilations, in any form, of public offices or agencies, setting forth the activities of the office or agency, or matters observed pursuant to duty imposed by law as to matters which there was a duty to report, excluding in criminal cases matters observed by a police officer or other law enforcement personnel, unless the sources of information or other circumstances show their lack of trustworthiness.
§ 90.803(8), Fla. Stat. (2002) (emphasis added). Under Florida law, the Department has a statutory duty to "obtain and place in its permanent records information as complete as may be practicably available on every person who may become subject to parole." § 945.25(1), Fla. Stat. (2002); see also Yisrael v. State, 938 So.2d 546, 548-49 (Fla. 4th DCA 2006), review granted, 956 So.2d 458, 458 (Fla.2007). An inmate's release date is the type of information falling within this statutory duty. See Yisrael, 938 So.2d at 548-49. Ward's release date recordthe "matter observed" under the public records exceptionwas created by personnel employed *310 by the Department and observed by Analyst Glisar for purposes of assisting the State in enhancing defendant's sentence. Ward contends Analyst Glisar qualifies as "other law enforcement personnel" for purposes of the public records exception. § 90.803(8), Fla. Stat. (2002).
Although the Florida legislature has proven itself fully up to the task of crafting and varying the scope of the term "law enforcement personnel" in the Florida Statutes, it has not defined "law enforcement personnel" for purposes of section 90.803(8) of the Florida public records law. Cf. § 496.404(12)(b), Fla. Stat. (2002) (defining "law enforcement officer" to include "any person who is . . . employed by . . . the state . . . and . . . [w]hose responsibility includes supervision, protection, care, custody, or control of inmates within a correctional institution"); § 784.07(1)(a), Fla. Stat. (2002) (defining "law enforcement officer" to include "correctional officer[s]"); § 790.001(8)(d), Fla. Stat. (2002) (defining "law enforcement officer" to include designated employees "of the state prisons or correctional systems who ha[ve] been so designated by the Department of Corrections"); § 112.531(1), Fla. Stat. (2002) (defining "law enforcement officer"); § 250.535(1)(e), Fla. Stat. (2002) (defining "law enforcement agency"); § 397.311(17), Fla. Stat. (2002) (defining "law enforcement officer" as "a law enforcement officer as defined in s. 943.10(1)"); § 394.455(16), Fla. Stat. (2002) (defining "law enforcement officer" as "a law enforcement officer as defined in s. 943.10"); § 403.413(2)(c), Fla. Stat. (2002) (defining "law enforcement officer"); § 539.001(2)(b) (defining appropriate law enforcement official); § 705.101(4), Fla. Stat. (2002) (defining "law enforcement officer"); § 741.28(4), Fla. Stat. (2002) (defining "law enforcement"); § 896.101(2)(d), Fla. Stat. (2002) (defining "law enforcement officer"); § 901.1505(1), Fla. Stat. (2002) (defining "federal law enforcement officer"); § 934.02(6), Fla. Stat. (2002) (defining "law enforcement officer"); § 943.10, Fla. Stat. (2002) (defining "law enforcement officer"). Therefore, lacking any legislative guidance for this purpose, defendant argues "other law enforcement personnel" within the meaning of the Florida public records law includes records personnel. Defendant argues the use of the word "personnel" rather than "officers" in the phrase broadens the scope of the exception.
Although defendant's argument on appeal is supportable both by reference to the plain and ordinary meaning of the phrase "law enforcement" as can be found in a dictionary, see, e.g., Black's Law Dictionary 907 (8th ed.1999) (defining "law enforcement" as "[t]he detection and punishment of violations of the law[]" and "[p]olice officers and other members of the executive branch of government charged with carrying out and enforcing the criminal law") (emphasis added); Montgomery v. State, 897 So.2d 1282, 1285 (Fla.2005) (approving the use of dictionary definitions "when necessary"), and from the breadth of the charge given to the Department by the Florida Legislature, see § 945.025(1), Florida Statutes (2002) (stating the Department has "supervisory and protective care, custody, and control of the inmates, buildings, grounds, property, and all other matters pertaining to the following facilities and programs for the imprisonment, correction, and rehabilitation of adult offenders"); § 945.04(1), Fla. Stat. (2002) ("The Department of Corrections shall be responsible for the inmates and for the operation of, and shall have supervisory and protective care, custody, and control of, all buildings, grounds, property of, and matters connected with, the correctional system."), we nevertheless conclude defendant's argument is foreclosed by Burgess v. State, 831 So.2d 137, 142 (Fla.2002). In Burgess, the Florida Supreme Court considered *311 whether a trial court could rely upon a sworn arrest report to decidein a proceeding brought under Florida Rule of Criminal Procedure 3.800(a)whether consecutive habitual offender sentences were illegal. Id. at 139. Answering the question in the negative, our high court held that "unlike the information in the police report which petitioner [sought] to rely on, the jail records relied upon in [an earlier case, State v. Mancino, 714 So.2d 429, 430 (Fla.1998)] clearly fall under the public records exception to the hearsay rule." Burgess, 831 So.2d at 142. Although Analyst Glisar's statement relies upon the state prison records maintained by the Department rather than jail records, based upon the language of Burgess, we conclude we have little choice but to affirm the trial court's decision that Analyst Glisar's statement is admissible under the public records exception.[1]
While we note the First District has found statements such as the one here inadmissible, Gray v. State, 910 So.2d 867, 869-70 (Fla. 1st DCA 2005), review denied, 920 So.2d 628, 628 (Fla.2005), we decline to certify conflict because it is unclear, and we are unwilling to speculate, whether the State argued a public records exception theory of admissibility in that case. See Gray, 910 So.2d at 869 (noting "the State proved no proper predicate for its admission under any exception to the rule excluding hearsay"). However, because the issue presented to us is recurrent in sentencing proceedings, we believe it should be authoritatively resolved. Accordingly, we certify the following question to the Florida Supreme Court as one of great public importance:
WHETHER A CERTIFICATION OF A DEFENDANT'S RELEASE DATE BY THE DEPARTMENT OF CORRECTIONS IS ADMISSIBLE IN SENTENCING PROCEEDINGS UNDER THE HEARSAY EXCEPTION FOR PUBLIC RECORDS AND REPORTS UNDER SUBSECTION 90.803(8), FLORIDA STATUTES?
Defendant's conviction and sentence are affirmed with question of great public importance certified.
NOTES
[1] Defendant also argues that even if the Department's certification is admissible, the State's proof fails because there is an error in the date of birth contained therein. The date of birth shown in this certification is November 23, 1967. By contrast, the defendant's date of birth shown in the certification by the clemency coordinator is one year earlier, November 23, 1966. Trial counsel argued that, given the one-year discrepancy in birth year, it followed that the State had failed to prove defendant qualified as a PRR.

The defense objection on this point was properly overruled. The Department's certification identifies the inmate as being James Ward, and the certification includes circuit case number 97-31989 from Miami-Dade County, Florida. State Exhibit 2 at the hearing below was the judgment and sentence against this defendant in Miami-Dade County circuit court case number 97-31989. That being so, it is clear the certification refers to this defendant, notwithstanding the discrepancy in the date of birth.