*521
 
 PER CURIAM.
 

 We have for review
 
 Ward v. State,
 
 965 So.2d 308 (Fla. 3d DCA 2007), in which the Third District Court of Appeal affirmed the admissibility of a Department of Corrections release-date letter as a permissible means of establishing the defendant’s status as a prison-releasee reoffender.
 
 See id.
 
 at 309-11. In the process, the Third District relied upon the reasoning and rule of law articulated in
 
 Yisrael v. State,
 
 938 So.2d 546 (Fla. 4th DCA 2006) (en banc),
 
 disapproved in part,
 
 993 So.2d 952 (Fla.2008), and certified a question of great public importance.
 
 See Ward,
 
 965 So.2d at 309-11. We have jurisdiction.
 
 See
 
 art. V, § 3(b)(4), Fla. Const.
 

 We stayed proceedings in this case pending our disposition of
 
 Yisrael,
 
 in which we: (1) approved the decision of the First District in
 
 Chuy v. State,
 
 910 So.2d 867 (Fla. 1st DCA 2005), and (2) disapproved the reasoning and rule of law articulated by the Fourth District in its underlying decision, but ultimately approved the result reached by that court
 
 on other grounds. See Yisrael v. State,
 
 993 So.2d 952, 960-61 (Fla.2008). We subsequently issued an order directing the State to show cause why we should not exercise jurisdiction, summarily quash the decision under review, and remand for reconsideration in light of our decision in
 
 Yisrael.
 
 The State concedes that this case should be remanded for review pursuant to this Court’s decision in
 
 Yisrael,
 
 and petitioner Ward agrees with this concession.
 

 Accordingly, we grant the petition for review, quash, and remand to the Third District Court of Appeal for reconsideration upon application of our decision in
 
 Yisrael.
 

 It is so ordered.
 

 QUINCE, C.J., and PARIENTE, LEWIS, CANADY, POLSTON, and LABARGA, JJ., concur.