621 So.2d 676 (1993)
MELI INVESTMENT CORP., etc., Appellant,
v.
O.R., et al., Appellees.
No. 92-2108.
District Court of Appeal of Florida, Third District.
July 6, 1993.
Rehearing Denied August 17, 1993.
De Oliveira & Associates, and Cristina de Oliveira, Coral Gables, for appellant.
Ronald S. Lowy, Miami Beach, and Sharon L. Christenbury, Miami, for appellees.
Before BARKDULL, NESBITT and GODERICH, JJ.
PER CURIAM.
Meli Investment Corporation (landlord) appeals the trial court's order which applied a risk multiplier to an award of attorneys fees to O.R. and his wife (tenants).
Landlord brought suit against tenants as holdover tenants, § 83.58, Fla. Stat. (1991), seeking damages pursuant to section 83.04, Florida Statutes (1991). The tenants counterclaimed for wrongful eviction, harassment, and discrimination on the basis of acquired immune deficiency syndrome (AIDS), pursuant to section 760.50, Florida Statutes (1991). The partial final judgment entered on the landlord's complaint found the tenants to be tenants at will, not holdover tenants, and, therefore, entitled to fifteen days written notice of termination of their tenancy. §§ 83.01, 83.03(3), Fla. Stat. (1991). The final judgment on the counterclaim found that the landlord had discriminated against the tenants on the basis that O.R. was, or was regarded as being, infected with the AIDS virus, and awarded the tenants $5,000 in liquidated damages. The court also reserved jurisdiction to tax costs and attorneys fees in both orders. This court affirmed both judgments in a per curiam decision without opinion.
Tenants timely filed a motion for attorneys fees and costs, as provided for in sections 83.48 and 760.50(6)(a)3., Florida Statutes (1991). A hearing was held during which each party presented expert testimony as to the reasonable number of hours tenants' counsel should have spent in *677 defending against the landlord's complaint and in pursuing the counterclaim, as well as a reasonable hourly fee. The tenants' expert testified that 2.5 would be an appropriate multiplier, taking into consideration both the defense of the complaint and the pursuit of the counterclaim, while the landlord's expert opined that both the complaint and the counterclaim were straightforward, thus warranting no multiplier. Tenants' counsel presented evidence that he had taken the case on a contingency basis, and testified regarding the novelty of an AIDS discrimination case, the undesirability of taking such a case, and the intricacy of the landlord/tenant issues involved.
In its order, the trial court found tenants' counsel reasonably expended 60 hours on behalf of the tenants, and that $175 per hour was a reasonable fee. The court then applied a risk multiplier of 2, for a total award of $21,000. In applying the multiplier, the court specifically noted: a) tenants would have faced substantial difficulty in finding counsel in the local or other relevant market; b) the case was exceptional in that it was an AIDS discrimination case under the recently enacted AIDS discrimination statute; c) the case was a public enforcement case and such actions should be encouraged rather than discouraged; and d) the case had been accepted on a full contingency basis and success was unlikely at the outset.
The Florida Supreme Court has placed attorneys fee cases into three basic categories: 1) public policy enforcement cases; 2) tort and contract claims; and 3) family law, eminent domain, and estate and trust matters. Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d 828, 833 (Fla. 1990). Quanstrom rejected the general use of risk multipliers in category 1 and 3 cases, but approved their use in category 2 cases, if certain criteria are met. In a special concurrence, Justice Overton in Lane v. Head, 566 So.2d 508, 513 (Fla. 1990) noted:
[In Quanstrom,] [w]e declined to permit the multiplier's use in category I, which concerns public interest cases, except in the limited circumstances allowed under the principles enunciated by the United States Supreme Court in Blanchard v. Bergeron, 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989), and Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987). I note that the use of a multiplier in this category is severely restricted and that "`no enhancement for risk is appropriate unless the applicant can establish that without an adjustment for risk the prevailing party "would have faced substantial difficulties in finding counsel in the local or other relevant market."'" Quanstrom, 555 So.2d at 832 (quoting Delaware Valley, 483 U.S. at 733, 107 S.Ct. at 3090 (citation omitted)).
In its order, the trial court identified the case as a category 1 public policy enforcement case. To the extent that the tenants' counterclaim was based on the AIDS discrimination statute, we agree with the trial court's classification. However, the landlord's complaint clearly raised landlord/tenant breach of contract issues, thus falling squarely into Quanstrom's category 2. Since evidence was presented which supported the application of the multiplier to the portion of the lodestar amount attributable to the landlord/tenant issues, we affirm the multiplier insofar as it is applicable to that portion of the case. Quanstrom, 555 So.2d at 834; Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985).
Conversely, regarding the tenants' counterclaim, although the trial court specifically found that the tenants would have faced substantial difficulties in finding counsel in the local or other relevant market, our careful review of the transcript testimony and other record evidence failed to reveal such evidence. Consequently, the trial court erred in applying the multiplier to the portion of the lodestar amount awarded for that aspect of the case.
The trial court's order awarded fees without allocation to the defense of the original complaint and the successful counterclaim. For this reason, we vacate the entire award and remand to the trial court to allocate the award of fees between the defense of the complaint and prosecution of the counterclaim and then redetermine the fees awarded to the counterclaimant in accordance with these directions.
Vacated and remanded with directions.