668 So.2d 308 (1996)
BOARDMAN PETROLEUM, INC. and Smile Gas, Inc., Appellants,
v.
TROPIC TINT OF JUPITER, INC., Gordon Schultz and Joanne Schultz, Appellees.
No. 94-3464.
District Court of Appeal of Florida, Fourth District.
February 21, 1996.
*309 Edna L. Caruso of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, and Peter S. Roumbos, Gulfbreeze, for appellants.
Randall Denker of Lehrman and Denker, Tallahassee, for appellees.
STEVENSON, Judge.
This is an appeal from a final judgment awarding costs and attorney's fees to the prevailing plaintiff pursuant to sections 376.313(5) (Pollutant Discharge Prevention and Control Act) and 45.061 (offer of settlement), Florida Statutes (1993). We find that attorney's fees were properly awarded under either statute, and we affirm the final judgment in toto.
Appellees, Gordon and Joanne Schultz, own and operate Tropic Tint, a retail window business, in Jupiter, Florida. Appellant, Boardman Petroleum, Inc., owns property adjacent to the Schultz's property, upon which appellant Smile Gas, Inc. operates a gas station. The Schultzes filed a complaint against Boardman and Smile in which they alleged that underground petroleum storage tanks installed by Boardman at the gas station leaked and contaminated their property. After several amended complaints, the case went to a non-jury trial on a statutory cause of action under Chapter 376, Florida Statutes (1993) (generally referred to as the Pollutant Discharge Prevention and Control Act), and a claim of common law negligence.
At trial, appellees prevailed on both the statutory claim and the theory of common law negligence. The court found that Boardman and Smile had negligently allowed gasoline to leak from the storage facility and, as a result, appellees' property had been contaminated. The court found that appellees sustained total damages in the amount of $109,259.85 ($7,718.25 as cleanup costs on the statutory claim and $101,541.60 as economic damages on the common law negligence claim). In addition, the court ordered injunctive relief in the nature of a cleanup order.
Thereafter, following an evidentiary hearing, the court awarded the Schultzes their attorney's fees and costs. The trial court *310 found that the Schultzes were entitled to an award of attorney's fees under sections 376.30 and 45.061, Florida Statutes (1993). Attorneys Randall Denker and Paul Lehrman were found to have expended 396.50 and 250.95 hours, respectively, at a reasonable hourly rate of $250, all of which was subject to a risk multiplier of 2.5. The trial court granted total fees in the amount of $404,656.75. Appellants now challenge the attorneys' fees awarded.
Initially, appellants argue in this appeal that the Pollutant Discharge Prevention and Control Act does not give rise to a cause of action on behalf of private citizens. However, the trial court had adjudicated appellees' right to a private cause of action under the Act in the underlying judgment. That judgment became final and was not appealed. Therefore, we must presume the correctness of the trial court's determination that appellees were entitled to bring suit under the Act. In this appeal, we merely decide whether or not the award of attorney's fees was proper.
Section 376.313(5) provides that the court may award attorney's fees and other litigation costs in any action for damages under the Act "whenever the court determines such an award is in the public interest." We reject the appellants' contention that appellees were not entitled to fees under section 376.313 because the litigation merely advanced appellees' private interests in obtaining monetary damages. The trial court made specific findings of fact and concluded for several reasons that the public interest had been served by appellees' efforts. The trial court stated in the final order that:
1) Plaintiff's lawsuit was in the public interest because the injunctive relief sought and obtained by Plaintiffs i.e. to have the court impose a pollution clean-up timetable, served not only Plaintiffs' private interests but also the public interest.
2) S. 376.30, F.S., defining the legislative intent of the act, makes it clear that the Legislature considers protection of groundwater to be "of the highest urgency and priority." S. 376.30(2)(b), F.S. states that the pollution of groundwater by leaks and spills from underground storage tanks poses "great danger and damage to the environment of the state, to citizens of the state, and to other interests deriving livelihood from the state." S. 367.30(2)(c), F.S. states that such pollution is "inimical to the paramount interests of the state...."
* * * * * *
4) The Court specifically finds that this lawsuit served the public interest because the Plaintiffs' investigative efforts aided the government agencies whose duties include supervising the clean-up of the Defendants' pollution. The court-imposed timetable will likely put an end to the pattern of delay exhibited by defendants... Plaintiff's actions may have prevented the pollution from spreading further.
We cannot conclude that the trial court abused its discretion in finding that this litigation advanced the public interest in the overall protection of the lands of Florida from contamination by pollutants. Although appellees unquestionably received a personal benefit, the public good achieved by the litigation was not erased thereby. As the trial court found, appellees have, by this litigation, assisted the governmental agencies in enforcing statutory policy.
Appellants also maintain that the trial court's fee award is excessive and that a 2.5 multiplier should not have been utilized. The trial court concluded that this case "fell within the ambit of type II cases within the meaning of Quanstrom."[1] While we believe that this case fits more neatly as a type I case involving public policy enforcement, rather than as a type II tort case, the trial court's order contained extensive findings which support an award of fees on either basis. Furthermore, the trial court made *311 specific findings, supported by the record, which would allow the application of the risk multiplier to the attorney's fees awarded as a result of appellees' type I public policy enforcement claim. See Lane v. Head, 566 So.2d 508, 513 (Fla.1990) (Overton, J., concurring) (contingency risk multiplier may be applicable in category I public policy enforcement cases where the movant establishes that without the adjustment for risk, substantial difficulties would be faced in finding counsel in the local or relevant market); Meli Inv. Corp. v. O.R., 621 So.2d 676 (Fla. 3d DCA 1993). Therefore, we find no error in the trial court's decision to award fees, determination of the lodestar or application of a multiplier.
We also affirm the trial court's award of attorney's fees under section 45.061 based upon its finding that appellants unreasonably rejected appellees' offer of settlement for $100,000. Under section 45.061 attorney's fees are automatic if the value of the judgment is 25% greater than the offer. The trial court found that the injunctive relief was worth at least $50,000 and that appellees had saved over $200,000 in cleanup costs because of the litigation. The trial court added these figures to the $109,259.85 awarded in the final judgment and found that the 25% presumption had been reached. Additionally, the trial court concluded that even if the presumption did not apply, appellants' rejection of the offer was unreasonable.
Although we find no persuasive authority which would allow the trial court to consider the monetary value of the injunctive relief in determining whether the recovery exceeded the offer by more than 25%, on the record before this court, we cannot conclude that the trial court abused its discretion in finding that the offer was unreasonably rejected. The trial court's findings of fact in this regard were set forth in great detail and are presumed to be correct. See Maass v. Christensen, 447 So.2d 1044 (Fla. 4th DCA 1984).[2]
Appellants argue that all of the trial judges' factual findings are suspect because this particular trial judge was not the same judge who presided over the underlying trial and there was no indication that this judge reviewed the trial transcripts. We reject this argument, because in the instant case, the trial judge's findings are supported by either testimony received or documents which were presented at the hearing on attorney's fees.
We have considered the other arguments raised by appellants and find no error. Accordingly, the final judgment is
AFFIRMED.
WARNER and FARMER, JJ., concur.
NOTES
[1] In Standard Guaranty Insurance Co. v. Quanstrom, 555 So.2d 828, 829 (Fla.1990), the Florida Supreme Court developed separate applications of the contingency risk multiplier in attorney's fee cases for three categories: (I) public policy enforcement cases; (II) tort and contract claims; and (III) family law, eminent domain, estate and trust matters. The court approved the use of multipliers in category II cases, rejected the general use of multipliers in category III cases, and severely restricted the use of multipliers in category I cases.
[2] Ordinarily, under chapter 45, an attorney's fee only for those hours spent between the time of the offer of settlement and the entry of the final judgment would be recoverable. § 45.061(3)(a), Fla.Stat. (1993). However, under the chapter 376 statutory claim, appellants are entitled to an award of attorney's fees for all time reasonably spent on the litigation.