WARNER, J.
The Gensers appeal an order awarding attorney’s fees and costs in favor of the Reef Condominium Association, which prevailed on its complaint that the Gensers violated condominium rules by enclosing a hallway vestibule in their condominium unit. We reverse, because the trial court did not calculate the full judgment due as well as the pre-judgment interest. Interest from that judgment thereafter is calculated in accordance with section 55.03(3), Florida Statutes, which provides for a floating interest rate and not a fixed rate.
The trial court’s final judgment provides:
The Court finds that 279.0 amount of hours was reasonably expended by the Association’s attorneys at the $295.00 per hour rate and 164.5 amount of hours was reasonably expended by the Association’s attorneys at the $250.00 per hour rate. For paralegal time, the Court finds that 70.2 amount of hours was reasonably expended at the rate of $125.00 per hour.
The Court has reviewed the Association’s cost statements and finds that $8,662.92 should be awarded as costs. Further, the Affidavit of Mr. Johnson indicates that he spent 3.5 hours reviewing the file and preparing his Affidavit and his standard hourly rate is $400.00 per hour such that additional costs in the amount of $1,400.00 should be awarded for his expert witness time.... It is therefore:
ORDERED AND ADJUDGED that these sums shall bear interest at the rate of 6% per year and interest shall accrue from the date of entitlement of January 12, 2011, for which let execution issue[ ].
On appeal, the Gensers raise two issues.[1] First, they claim that the court erred in failing to enter an appropriate judgment by not totaling the sums or calculating the actual fee owed. • Secondly, they argue that the court erred in using the 6% interest rate. We agree that the court should have first calculated the amount of attorney’s fees and then calculated the amount of the pre-judgment interest. Further, we conclude that the amount of pre-judgment interest was correctly calculated at 6%. Thereafter, however, the entire judgment accrues interest at the then-prevailing statutory rate.
Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985), sets forth the method that trial courts use for calculating a reasonable attorney’s fee. In Rowe our supreme court adopted the federal “lodestar” method of calculating a reasonable attorney’s fee. That approach requires the court to determine the lodestar amount for attorney’s fees. “The number of hours reasonably expended, determined in the first step, multiplied by a reasonable hourly rate, determined in the second step, produces the lodestar, which is an objective basis for the award of attorney fees.” Id. at 1151. Thus, the supreme court requires the trial court to calculate the total dollar amount of the fee as the lodestar amount. Here, the court made the determinations necessary for *762 steps one and two but failed to calculate the lodestar amount. The court should have made that calculation, both to arrive at a single amount for purposes of a judgment and also to calculate pre-judgment interest.
In its final order, the court determined that interest on the award of attorney’s fees was due from the date of entitlement, namely the date on which liability for attorney’s fees was determined, even though the amount was not determined until a year later. The court’s ruling comports with Quality Engineered Installation, Inc. v. Higley South, Inc., 670 So.2d 929, 931 (Fla.1996), in which the supreme court held that a party is entitled to a pre-judgment award of interest on attorney’s fees from the date of entitlement:
We reach this conclusion on the basis that the burden of nonpayment is fairly placed on the party whose obligation to pay attorney fees has been fixed. Using the date of the entitlement as the date of accrual serves as a deterrent to delay by the party who owes the attorney fees and is appropriate in conjunction with our decision that attorney fees are not to be assessed for litigating the amount of an attorney-fee award.... The party who owes the fees can be protected against delay in determining the amount of fees and further accrual of interest through a tender of payment. We hold that interest ceases to accrue on amounts of attorney fees up to the amount for which an actual tender of payment is made.
[[Image here]]
We agree with the Fifth District in Peavy [v. Dyer, 605 So.2d 1330 (Fla. 5th DCA 1992)] that prejudgment interest becomes part of a single total sum adjudged to be due and owing.
Id. at 931 (citation and footnote omitted). The award of pre-judgment interest on attorney’s fees is thus a matter of court-made law, not the application of section 55.03, Florida Statutes, which applies to judgments. Further, the pre-judgment interest must be calculated by the court, because the pre-judgment interest becomes part of the judgment and then earns interest at the statutory rate. Id.
Courts apply the statutory judgment interest rate from the date of loss or entitlement under section 55.03 for purposes of calculation of pre-judgment interest. Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212, 215 (Fla.1985). Prior to July 1, 2011, section 55.03 provided for an interest rate set by the Chief Financial Officer on a yearly basis. The interest rate established at the time of the judgment would remain the same until the judgment was paid. § 55.03(3), Fla. Stat. (2010). In January 2011, that interest rate was 6%. The Legislature then amended the statute, effective July 1, 2011. Under the amendment, the Chief Financial Officer must establish a statutory interest rate each quarter. “The interest rate is established at the time a judgment is obtained and such interest rate shall be adjusted annually on January 1 of each year in accordance with the interest rate in effect on that date as set by the Chief Financial Officer until the judgment is paid.... ” § 55.03(3), Fla. Stat. (2011); see also Ch.2011-169, § 1, Laws of Fla. (effective July 1, 2011).
In this case, the court established entitlement to attorney’s fees as of January 12, 2011. At that time the statutory interest rate was 6%. Thus, for purposes of the court-imposed pre-judgment interest, the court should have calculated the pre-judgment interest on the attorney’s fees award at 6%. However, because the actual judgment was entered as of January 12, 2012, *763 the interest rate established by the Chief Financial Officer on January 1, 2012, should be used to calculate post-judgment interest and will be adjusted yearly thereafter until paid. As noted in Applestein v. Simons, 586 So.2d 441, 442 (Fla. 3d DCA 1991), “[generally the interest rate would change on an unsatisfied final judgment as the statute proscribing [sic] the rate of interest is amended, unless otherwise provided in the basic agreement upon which the final judgment was rendered.” No agreement being involved in this case, the statute clearly provides for an adjusting interest rate.
For the foregoing reasons, we reverse the final judgment and remand for the trial court to enter a judgment for the amount of attorney’s fees due, including interest at 6% on the attorney’s fees award from January 11, 2011, through the date that judgment was actually entered in January 12, 2012. Thereafter, the judgment shall earn interest in accordance with the statutory rate set by the Chief Financial Officer in accordance with section 55.03, Florida Statutes.
TAYLOR and CONNER, JJ., concur.

. Their brief contains a third issue regarding whether the award was premature when a counterclaim was pending between the parties. However, that issue is now moot.