DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PETER NALASCO**, Individually and on behalf of the Peter Nalasco IRA,
**JOHANNE LAVOIE NALASCO**, Individually and on behalf of the Johanne
Lavoie Nalasco IRA, and **LOUI JOHN NALASCO,**
Appellants,

v.

**BUCKMAN, BUCKMAN & REID, INC.,**
Appellee.

No. 4D14-861

[July 15, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit,
Broward County; Carol-Lisa Phillips, Judge; L.T. Case No. CACE 13-
023089 (25).

Mark A. Tepper of Mark A. Tepper, P.A., Fort Lauderdale, for appellants.

Mark J. Astarita of Sallah Astarita & Cox, LLC, Verona, New Jersey,
and Elaine D. Walter of Gaebe, Mullen, Antonelli & DiMatteo, Coral
Gables, for appellee.

STEVENSON, J.

This is an appeal from a $22,000 attorney's fee judgment in favor of the
prevailing parties in a securities arbitration case. Counsel for the
prevailing parties sought fees in the neighborhood of $300,000. The
prevailing parties have appealed, arguing, among other things, that the
findings in the judgment are inadequate. We agree and thus reverse the
fee judgment, for this reason and for others, as discussed below.

*The Underlying Case & the Attorney's Fee Judgment*
This appeal has its genesis in the arbitration of a $30,000 securities
claim brought by the Nalascos against their broker, Buckman, Buckman
& Reid, Inc. (Broker). The arbitrator resolved the matter "on the papers"
without a hearing and awarded the Nalascos compensatory damages in
the amount of $44,737. The arbitrator also determined that Broker was
liable for the Nalascos' attorney's fees, pursuant to section 517.211,

Florida Statutes (2013),[1] and directed the Nalascos to seek fees in the circuit court.

Thereafter, the Nalascos filed a petition in the circuit court, seeking confirmation of the arbitration award and the award of attorney's fees. The Nalascos had entered into a contingency fee agreement with their attorney, which allowed for a fee of "35% [o]f any recovery related to the arbitrable claim(s)" and "45% [o]f any recovery if there are post arbitration proceedings." The agreement expressly recognized, however, that attorney's fees may be awarded to the prevailing party and, in that event, the fee would be the greater of that award or the amount agreed to by the client.

During the subsequent proceedings on attorney's fees, the Nalascos' counsel offered affidavits indicating he had invested 164 hours in the arbitration proceedings and an additional 145.9 hours during the circuit proceedings. His paralegal had spent an additional 60.7 hours on the case. The Nalascos' counsel took the position that Broker had waged a "militant defense," which served to drive up the attorney's fees. Counsel charged $425 per hour for his time and $125 per hour for his paralegal's time. The parties stipulated these hourly rates were reasonable. The Nalascos' attorney's fee expert opined a multiplier of 2 was appropriate.

In contrast, Broker had spent a total of 72 hours on the case. It argued the number of hours invested by the Nalascos' attorney was unreasonable as the case was "typical" and the underlying investment account had been active for only four months. The Broker's fee expert opined the case was neither factually nor legally complex and had not warranted the hours spent by the Nalascos' counsel. It was her opinion that the 45% of recovery provided for in the fee agreement was a reasonable fee and that no multiplier was warranted.

Ultimately, the trial court entered an order awarding the Nalascos $22,000 in attorney's fees, looking to the fee agreement between the Nalascos and their counsel as establishing a reasonable fee. The Nalascos raise numerous challenges to the $22,000 fee award. Chief among the Nalascos' appellate arguments are their claims that the fee order must be reversed because the trial court failed to make the findings required by

---

[1] Section 517.211, Florida Statutes, entitled "Remedies available in cases of unlawful sale," provides, in relevant part, that "[i]n any action brought under this section, including an appeal, the court shall award reasonable attorneys' fees to the prevailing party unless the court finds that the award of such fees would be unjust." § 517.211(6), Fla. Stat. (2013).

*Florida Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145 (Fla. 1985), *modified by Standard Guaranty Insurance Co. v. Quanstrom*, 555 So. 2d 828 (Fla. 1990), and because the trial court erroneously treated the instant case as a *Quanstrom* category 1 public policy case, rather than a category 2 tort and contract case. As we find merit in these arguments, the fee award must be reversed and the matter remanded. We write to address these issues and also matters concerning the recovery of fees for time spent litigating the amount of fees and prejudgment interest.

### *Rowe & Contingency Fee Multipliers*

In *Rowe*, the Florida Supreme Court adopted the federal lodestar approach for determining the amount of a reasonable attorney's fee. 472 So. 2d at 1150. The first step of that lodestar approach "requires the court to determine the number of hours reasonably expended" and the second step "requires the court to determine a reasonable hourly rate." *Id.* at 1150. "The number of hours reasonably expended, determined in the first step, multiplied by a reasonable hourly rate, determined in the second step, produces the lodestar, which is an objective basis for the award of attorney fees." *Id.* at 1151.

Once the trial court has arrived at the lodestar figure, if counsel has been employed on a contingency basis, then the trial court must determine whether a "contingency risk factor" multiplier is appropriate. *Id.* The factors to be applied in determining whether a multiplier is appropriate turn upon which category of cases is at issue: public policy enforcement cases; tort and contract claims; or family law, eminent domain, and estate and trust matters. *Quanstrom*, 555 So. 2d at 833. The trial court is not required to apply a contingency multiplier, but is required only to consider whether a multiplier is warranted. *Id.* at 831.

Here, the trial court found that $22,000 was a reasonable fee without making any findings regarding a reasonable number of hours or a reasonable hourly rate. The trial court's failure to make express findings as to the reasonable number of hours and a reasonable hourly rate renders the fee judgment "'fundamentally erroneous on its face,'" requiring reversal of the fee order and remand to the trial court. *Delmonico v. Crespo*, 127 So. 3d 576, 578–79 (Fla. 4th DCA 2012) (quoting *Baratta v. Valley Oak Homeowners' Ass'n at the Vineyards, Inc.*, 891 So. 2d 1063, 1065 (Fla. 2d DCA 2004)); *see also Ingram v. Ingram*, 59 So. 3d 147, 148 (Fla. 1st DCA 2011) ("In circumstances where the record may contain competent, substantial evidence to support these specific findings, but the trial court's order omits such findings, the case should be remanded for entry of an appropriate order.").

Additionally, in refusing to apply a multiplier, the trial court made findings suggesting it believed this securities case was properly treated as a category 1 public policy enforcement case. The trial court erred in treating the instant case as a category 1 public policy enforcement case, rather than a category 2 tort and contract claims case. *See Raymond, James & Assocs., Inc. v. Wieneke*, 591 So. 2d 956, 958 (Fla. 2d DCA 1991) (recognizing some ambiguity but concluding that litigation concerning securities transactions under chapter 517 does not fall under the definition of a "public policy enforcement case"). This is potentially significant as the use of multipliers is restricted in category 1 public policy enforcement cases. *See Lane v. Head*, 566 So. 2d 508, 513 (Fla. 1990) (Overton, J., specially concurring) (opining that "the use of a multiplier in this category [public policy enforcement] is severely restricted"); *Boardman Petroleum, Inc. v. Tropic Tint of Jupiter, Inc.*, 668 So. 2d 308, 310 n.1 (Fla. 4th DCA 1996) (recognizing that, in *Quanstrom*, the supreme court severely restricted the use of multipliers in public policy enforcement cases); *Meli Inv. Corp. v. O.R.*, 621 So. 2d 676, 677 (Fla. 3d DCA 1993) (citing Justice Overton's special concurrence in *Lane* in support of the restrictive use of multipliers in public policy cases). Thus, on remand, the matter of whether a category 2 tort and contract claims multiplier is appropriate must also be reconsidered.

Due to findings in the order appealed regarding the "50/50" "chance of success" and the use of a multiplier, we take this opportunity to note that, in *Quanstrom*, the supreme court set forth the following parameters regarding multipliers:

> If the trial court determines that success was more likely than not at the outset, it may apply a multiplier of 1 to 1.5; if the trial court determines that the likelihood of success was approximately even at the outset, the trial judge may apply a multiplier of 1.5 to 2.0; and if the trial court determines that success was unlikely at the outset of the case, it may apply a multiplier of 2.0 to 2.5.

555 So. 2d at 834.

*Fees for Time Spent Litigating the Amount of Fees*

Citing *State Farm Fire & Casualty Co. v. Palma*, 629 So. 2d 830 (Fla. 1993), the trial court ruled that the Nalascos' counsel was not entitled to recover for any time spent litigating the amount of fees to be awarded. The Nalascos insist the trial court erred in applying *Palma* to a fee award under section 517.211. We reject their argument.

4

In *Palma*, which involved attorney's fees in the context of an insurance case, pursuant to section 627.428, Florida Statutes, the supreme court held that, while fees incurred litigating entitlement to fees were recoverable, fees incurred litigating the amount of fees to be awarded were not as such services are solely to the attorney's benefit. 629 So. 2d at 833. In the years since *Palma*, its holding that attorney's fees may not be recovered for time spent litigating the amount of fees has been applied to numerous fee statutes, including section 517.211, the fee statute at issue here. *See Barron Chase Sec., Inc. v. Moser*, 794 So. 2d 649 (Fla. 2d DCA 2001). *Pirretti v. Dean Witter Reynolds, Inc.*, 578 So. 2d 474 (Fla. 4th DCA 1991), cited by the Nalascos, was decided prior to *Palma*.

*Prejudgment Interest*

The trial court's fee judgment made no provision for the award of prejudgment interest. The Nalascos contend that this was error and the judgment should have included prejudgment interest, accruing from the date that entitlement to fees was determined. We agree. *See Quality Engineered Installation, Inc. v. Higley S., Inc.,* 670 So. 2d 929, 931 (Fla. 1996) (holding, in context of contractual prevailing party fee provision, that interest accrues on attorney's fees from the date entitlement is determined, even though amount has not yet been set); *Genser v. Reef Condo. Ass'n*, 100 So. 3d 760, 761–62 (Fla. 4th DCA 2012) (applying *Quality Engineered* to chapter 718 prevailing party fee award pursuant to *Rowe*); *Olde Discount Corp. v. Amsel*, 800 So. 2d 667, 667 (Fla. 5th DCA 2001) (applying *Quality Engineered* to chapter 517 fees).

*Conclusion*

The fee judgment appealed is thus reversed on the grounds discussed herein and the matter remanded to the trial court. As to all other issues raised but not specifically addressed, we affirm.

*Affirmed in Part; Reversed in Part; and Remanded.*

Ciklin, C.J., and Klingensmith, J., concur.

\*      \*      \*

**Not final until disposition of timely filed motion for rehearing.**

5