DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANNE-LAURE MICHELIS,**
Appellant,

v.

**GINA NUGENT,**
Appellee.

No. 4D2024-0521

[May 7, 2025]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Maxine Cheesman, Judge; L.T. Case No. 502015CA010469.

Michael Compagno of Michael Compagno, P.A., North Palm Beach, for appellant.

Samuel Alexander and Michael J. Ellis of Alexander Appellate Law P.A., DeLand, for appellee.

KLINGENSMITH, C.J.

Anne-Laure Michelis ("Defendant") appeals the trial court's order granting Gina Nugent's ("Plaintiff") "Motion to Implement the Mandate of the 4th DCA In re Taxation of Costs, Including Attorney's Fees," and the subsequent final judgment "Awarding Costs Including Attorney's Fees and Prejudgment Interest." Defendant raises several arguments on appeal, including: (1) the trial court improperly awarded Plaintiff the attorneys' fees which she had incurred while litigating the proper amount of attorney's fees; (2) the trial court improperly taxed a non-testifying expert's fee as costs; (3) the trial court improperly calculated pre-judgment interest; and (4) the trial court improperly took judicial notice of hearsay affidavits. We agree with these arguments and reverse. We affirm as to all other issues which Defendant has raised without discussion.

## Facts

Plaintiff previously subleased a property owned by Defendant from Defendant's tenant. Plaintiff filed the underlying lawsuit against

Defendant alleging Defendant had constructively evicted her from that property. After a nonjury trial, the trial court entered final judgment in Plaintiff's favor as to one of the three counts brought against Defendant, concluding Defendant had constructively evicted Plaintiff. The trial court awarded Plaintiff $8,700.00 in damages and reserved jurisdiction to award costs and/or attorney's fees.

Plaintiff moved for attorney's fees, but her motion did not cite any statute as grounds for fees. At a hearing on Plaintiff's fees motion, Defendant conceded Plaintiff was entitled to fees under section 83.67(6), Florida Statutes (2015). However, at a later hearing to determine the amount of those fees, Defendant argued for the first time that Plaintiff's original fees motion did not state a specific ground for fees. The trial court ultimately denied Plaintiff's fees motion, which Plaintiff appealed to this court. We reversed and remanded for the trial court to determine the proper amount of fees to be awarded to Plaintiff under section 83.67(6). *Nugent v. Michelis*, 312 So. 3d 954 (Fla. 4th DCA 2021).

On remand, Plaintiff moved to implement this court's mandate, asking the trial court to award her the attorneys' fees which she had incurred from the time she filed her lawsuit against Defendant to the time she filed her motion to implement our mandate. Plaintiff reserved the right to request any additional attorneys' fees incurred for future proceedings. Plaintiff also requested that the trial court award her costs, including a non-testifying expert's fee. Defendant objected to Plaintiff's requested award of attorneys' fees, arguing Plaintiff improperly sought fees incurred after Defendant had conceded Plaintiff's entitlement to fees. Defendant also objected to Plaintiff's request to recover the non-testifying expert's fee.

During the hearing on Plaintiff's motion to implement the mandate, the trial court indicated it would take judicial notice of all the documents in the court file, including the affidavits of three of Plaintiff's previous attorneys. Defendant objected to the trial court taking judicial notice of those affidavits as hearsay, but the trial court overruled Defendant's objection. After the hearing on Plaintiff's motion, the trial court entered its order awarding Plaintiff $95,737.00 in costs, including attorneys' fees.

The trial court's costs award included all the attorneys' fees which Plaintiff had requested, including attorneys' fees incurred after Defendant had initially conceded Plaintiff's entitlement to fees under section 83.67(6). The trial court explained it rejected Defendant's argument that Plaintiff could not recover attorney's fees incurred after Defendant had conceded Plaintiff's entitlement because section 83.67(6)'s purpose is to level the playing field between landlords and tenants and make tenants whole. The

2

trial court further rejected Defendant's argument because Defendant later withdrew her concession, which led to an appeal. The trial court's costs award also included Plaintiff's non-testifying expert's fee. Finally, the trial court awarded Plaintiff pre-judgment interest. The trial court calculated the pre-judgment interest using a 9.09% interest rate as of August 15, 2018—the date of its original final judgment concluding Defendant had constructively evicted Plaintiff—resulting in $47,608.48 of pre-judgment interest. Plaintiff's totals award was $143,345.48.[1]

## Analysis

### A. The improper award of "fees for fees"

"Entitlement to attorney's fees based on the interpretation of a statute or contract is [ ] reviewed *de novo*." *Waverly at Las Olas Condo. Ass'n, Inc. v. Waverly Las Olas, LLC*, 88 So. 3d 386, 389 (Fla. 4th DCA 2012) (quoting *State Farm Fla. Ins. Co. v. Silber*, 72 So. 3d 286, 288 (Fla. 4th DCA 2011)).

A claim for attorney's fees pursuant to a statute includes three components: "(1) time spent litigating the case on the merits; (2) time spent litigating entitlement to attorney's fees; and (3) time spent litigating the amount of attorney's fees." *O'Boyle v. Town of Gulf Stream*, 341 So. 3d 335, 338 (Fla. 4th DCA 2022) (citing *Mallas v. Mallas*, 326 So. 3d 704, 705 (Fla. 4th DCA 2021)). Attorney's fees incurred while litigating the proper amount of attorney's fees are referred to as "fees for fees." *Id.* at 338-39 (citing *Mallas*, 326 So. 3d at 705). A party who is entitled to an award of attorney's fees cannot recover fees for fees unless authorized by the statute awarding fees. *See State Farm Fire & Cas. Co. v. Palma*, 629 So. 2d 830, 833 (Fla. 1993).

We have authorized fees for fees in limited contexts, including: (1) family law cases where fees are awarded under section 61.16 because that statute affords trial courts broad discretion; (2) contract cases where the contractual language is broad enough to encompass an award of fees for fees; and (3) cases where fees are awarded as a sanction under the

---

[1] Defendant does not raise this issue on appeal, but we note that the amount of fees and costs, including interest, is patently disproportional to the damages awarded in Plaintiff's underlying lawsuit. However, section 83.67(6) does not expressly contain a proportionality requirement. Nonetheless, because our case law requires trial courts to determine whether the time expended in any given case is reasonable when deciding on an award of fees, *see Spanakos v. Hawk Systems, Inc.*, 362 So. 3d 226, 241 (Fla. 4th DCA 2023), proportionality should play a role in deciding that issue.

"inequitable conduct doctrine." *O'Boyle*, 341 So. 3d at 340 (first citing *Schneider v. Schneider*, 32 So. 3d 151, 158 (Fla. 4th DCA 2010); then citing *Waverly*, 88 So. 3d at 389; and then citing *Bennett v. Berges*, 50 So. 3d 1154, 1161 (Fla. 4th DCA 2010)).

The plain language of the statute at issue in this case states: "A landlord who violates any provision of this section shall be liable to the tenant for actual and consequential damages or 3 months' rent, whichever is greater, and costs, including attorney's fees." § 83.67(6), Fla. Stat. (2015). Plaintiff argues this language authorized the trial court to award her fees for fees because it classifies attorney's fees as costs. However, in *O'Boyle*, we held that a very similar statutory provision did not entitle the appellant to fees for fees. 341 So. 3d at 338-39.

The statute at issue in *O'Boyle* provided:

> If a civil action is filed against an agency to enforce the provisions of this chapter and if the court determines that such agency unlawfully refused to permit a public record to be inspected or copied, the court shall assess and award, against the agency responsible, the reasonable costs of enforcement including reasonable attorneys' fees.

*Id.* at 339 (quoting § 119.12, Fla. Stat. (2014)). We emphasized that a fees for fees award is an exception to the general rule refusing to allow such fees under general statutory language, and concluded that nothing in the above-quoted statutory language justified a deviation from the general rule. *Id.* at 340. Further, interpreting the statute to encompass fees for fees would not aid in enforcing the statute because the statute itself was a sufficient deterrent of the targeted conduct—noncompliance with public records requests—and injecting fees for fees would only increase needless litigation. *Id.*

Like the statute at issue in *O'Boyle*, section 83.67(6) categorizes attorney's fees as a cost and does not fall under any of our previously recognized exceptions to the general rule barring fees for fees. *See* § 83.67(6), Fla. Stat. (2015). For example, section 83.67(6) does not grant courts the same broad discretion as section 61.16 does in the family law context, nor does section 83.67(6) include extremely broad language that encompasses an award of fees for fees. Further, interpreting section 83.67(6) to encompass fees for fees would not aid in deterring the conduct targeted by section 83.67 because the statute already provides for damages and costs, which are a sufficient deterrent to enforce the statute without risking an increase in needless litigation.

Plaintiff argues in the alternative that the trial court's attorneys' fees award does not run afoul of the general rule against fees for fees because: (1) Defendant withdrew her initial concession that Plaintiff was entitled to fees, and (2) Defendant has continued to contest Plaintiff's entitlement ever since we remanded for the trial court to calculate the proper amount of fees by arguing that Plaintiff could not recover attorneys' fees as to the two counts in her complaint on which she did not prevail. Plaintiff is correct Defendant withdrew her concession to Plaintiff's entitlement to fees, which resulted in additional litigation regarding Plaintiff's entitlement to fees. As a result, Plaintiff is entitled to recover the attorney's fees which she incurred up until this court determined her entitlement to fees in *Nugent*, 312 So. 3d 954, rather than to the time of Defendant's concession as Defendant argues. However, Defendant's subsequent arguments that Plaintiff was not entitled to recover fees incurred as to all three counts raised in Plaintiff's complaint goes to the proper *amount* of fees, not Plaintiff's entitlement to fees. *See Household Fin. Corp. III v. Williams*, 290 So. 3d 508, 511 (Fla. 4th DCA 2020). As a result, Plaintiff is not entitled to recover the attorneys' fees which she incurred after we determined her entitlement to fees in *Nugent*, 312 So. 3d 954, and any time attributable to such fees should be removed from the final judgment on remand. *See N. Dade Church of God, Inc. v. JM Statewide, Inc.*, 851 So. 2d 194, 196 (Fla. 3d DCA 2003).

## B. The improper award of fees for a non-testifying expert

We review an award of expert costs for an abuse of discretion. *Fischer as Tr. of Dorothy L. Fischer Tr. v. Fischer as Co-Tr. of Dorothy L. Fischer Tr.*, 332 So. 3d 516, 520 (Fla. 4th DCA 2021). Florida law permits litigants to tax the fee of a testifying expert witness as costs. *Id.* However, under the Statewide Uniform Guidelines for Taxation of Costs in Civil Actions, expenses relating to consulting but non-testifying experts should not be taxed as costs. *See* Fla. R. Civ. P. App. II, § III.B.

Plaintiff hired two experts to testify as to the reasonableness of her attorneys' fees over the course of the underlying proceedings, but only one of those experts testified on Plaintiff's behalf. Despite this, the trial court's costs award included both experts' fees. Because taxing the costs for the non-testifying expert was error, we reverse on this issue.

## C. The pre-judgment interest calculation

The standard of review of a pre-judgment interest award is de novo. *See Schuenzel v. Schuenzel*, 320 So. 3d 214, 216 n.1 (Fla. 3d DCA 2021).

Pre-judgment interest should be calculated using the statutory interest rate in effect when the court established entitlement to attorney's fees. *Genser v. Reef Condo. Ass'n, Inc.*, 100 So. 3d 760, 762 (Fla. 4th DCA 2012).

Here, the trial court calculated Plaintiff's pre-judgment interest as of August 15, 2018—the date when the trial court entered judgment in Plaintiff's favor on one of her three counts against Defendant. The statutory interest rate in August 2018 was 5.97%. Instead of using the 5.97% interest rate to calculate the pre-judgment interest, the trial court used a rate of 9.09%, which was the statutory interest rate in effect when it entered the final judgment awarding Plaintiff her costs and pre-judgment interest.

Defendant argues, and we agree, the trial court erred in using the 9.09% interest rate to calculate the pre-judgment interest award. The trial court should have used the 5.97% interest rate because that was the rate in effect when the trial court calculated Plaintiff's pre-judgment interest. *See id.* Plaintiff responds that the trial court properly calculated the pre-judgment interest in accord with section 55.03(3), Florida Statutes (2024), which provides that "[t]he interest rate is established at the time judgment is obtained and such interest rate shall be adjusted annually." However, section 55.03 applies to *judgments*. *See Genser*, 100 So. 3d at 762. Pre-judgment interest is a matter of court-made law, not the application of section 55.03, and should be calculated using the statutory interest rate in effect when the court determines a party is entitled to attorney's fees. *Id.* Accordingly, on remand, the trial court should calculate Plaintiff's pre-judgment interest using the 5.97% interest rate and not the 9.09% interest rate.

### D. The judicial notice of hearsay affidavits

"The standard of review for admissibility of evidence is abuse of discretion, limited by the rules of evidence." *Holloway v. State*, 114 So. 3d 296, 296 (Fla. 4th DCA 2013) (quoting *Tengbergen v. State*, 9 So. 3d 729, 736 (Fla. 4th DCA 2009)).

Section 90.202(6), Florida Statutes (2023), permits a court to take judicial notice of court records. However, this provision does not permit the wholesale admission of hearsay statements contained within those records. *See Holt v. Calchas, LLC*, 155 So. 3d 499, 506 (Fla. 4th DCA 2015) (quoting *Burgess v. State*, 831 So. 2d 137, 141 (Fla. 2002)). To the contrary, documents admitted via judicial notice are still subject to the same rules of evidence to which all evidence must adhere. *Id.* (quoting *Burgess*, 831 So. 2d at 141).

The trial court in this case took judicial notice of all documents in the court record, including affidavits submitted by three of Plaintiff's attorneys, over Defendant's hearsay objection. An affidavit offered for the truth of the matter asserted is hearsay. *See id.* at 506-07. As a result, the trial court erred in taking judicial notice of these affidavits. *See Roggemann v. Boston Safe Deposit & Tr. Co.*, 670 So. 2d 1073, 1075 (Fla. 4th DCA 1996) (reversing attorney's fees award in part because trial court relied on hearsay affidavits to assess attorney's fees over appellant's objection); *Holt*, 155 So. 3d at 506 (evidence admitted via judicial notice still subject to the rules of evidence).

## Conclusion

In sum, we reverse the trial court's final judgment granting Plaintiff attorneys' fees and costs because it awards Plaintiff improper "fees for fees" as well as the non-testifying expert's fee. The final judgment also improperly calculated pre-judgment interest using an incorrect interest rate. Because the trial court also erred in taking judicial notice of three attorneys' affidavits during the hearing on Plaintiff's motion to implement the mandate, we remand for further proceedings consistent with this opinion and affirm as to all other issues raised without comment.

*Affirmed in part, reversed in part, and remanded.*

DAMOORGIAN and GERBER, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**